[No. 1037. Decided November 8, 1894.]

JOSIAH VAN HOOK, *Respondent,* v. CYRUS R. BURNS ET AL., *Appellants.*

APPEAL—HARMLESS ERROR—CONTRACTS—PERFORMANCE—DETER-
MINATION BY THIRD PERSON.

Although the refusal of the court to compel plaintiff, on motion, to elect between two causes of action pleaded in his complaint may be error, it is not prejudicial if the election be made by plaintiff at the opening of the trial.

In an action to recover upon a contract for cutting and clearing away trees along the line of a railway, the contract providing that all matters in dispute should be settled by the engineer in chief of the railroad company, whose decision should be final, a verdict for plaintiff will not be set aside, when the evidence shows that the engineer, although requested to arbitrate by both parties, refused to look into the matter further than to take the statements of subordinates and acted solely upon them and not upon any knowledge of his own.

*Appeal from Superior Court, Spokane County.*

*Thomas C. Griffitts*, for appellants.

*James Dawson*, for respondent.

The opinion of the court was delivered by

STILES, J.—The record of this court showing that the respondent's motion to dismiss the appeal was denied at a former session of the court and the appellants given leave to file a brief upon the merits, we shall not now again entertain the motion upon the ground of the appellants' laches in not filing a brief within the usual time allowed by statute.

Respondent brought an action to recover a balance alleged to be due on a contract made by him with appellants for the performance of certain work along the line of the Spokane Falls & Northern Railroad. The complaint contained two alleged causes of action, both of which were conceded to be based upon the same state of facts. In the first cause of action an express contract was set forth, while in the second a recovery was sought upon a *quantum meruit*. A motion was made to require the respondent to elect between the two causes of action, but the court refused to grant the motion. At the opening of the trial, however, the motion was renewed, and an election was made of the first cause of action, and the second was stricken out. While there appears to be no good reason why the motion was not granted in the first instance, the refusal of the court certainly does not constitute reversible error, since the appellants had the full advantage of trying their cause upon a definite and certain pleading.

The complaint alleged in general terms a contract to perform certain work, among other things to cut, fell and remove certain trees along the right-of-way of the Spokane Falls & Northern Railroad Company, to be designated by the company, for the price of $1.40 for each and every tree cut, felled and removed. The contract price for the whole work was alleged to be $1626.92, $1234.92 of which was

admitted to have been paid, and the balance of $392 was demanded. The answer admitted the contract as set forth in the complaint, but denied the performance of it, and admitted the payment of $1234.92 upon the contract, but denied that the whole work amounted to $1626.92, or that there was due the sum of $392.00.

Upon the trial, the court, over the objection of the respondent, permitted evidence to go to the jury that the contract was in writing, and that it contained a clause whereby. the parties to it agreed to submit any matter of dispute between them growing out of the contract to the determination of the engineer in chief of the Spokane Falls & Northern Railroad Company, and that his decision in the matter should be final. Under like objection further proof was admitted tending to show that the engineer mentioned had considered the matter in dispute between the parties, and had decided it against the respondent, who claimed pay for cutting 780 trees, instead of the 500 allowed him, the amount sued for being the price for the cutting and removal of 280 trees at $1.40 each. The respondent testified that it was not true that any such provision for arbitration was contained in the contract made with him, and denied that there had been any submission to the engineer, or decision by him. Under instructions given by the court, at the defendants' request, to the effect that if they found that the disputed stipulation was in the contract, and that the engineer had passed upon the disputed question, and payment accordingly had been made, the respondent could not maintain his action, the jury brought in a verdict for the respondent.

The appellants' principal contention here is that the evidence given to establish the existence of the arbitration clause in the contract was so clear and positive that the testimony of respondent did not amount to a conflict, and that the verdict should be set aside for that reason. The contract itself was not produced, both copies of it having been lost by the parties. The respondent takes the position, however, that whatever the evidence as to the contract may

have been, the verdict was right because under the pleadings the court erred in admitting evidence concerning the arbitration clause, and because it was shown that the engineer did not, in fact, perform the part assigned to him. The complaint alleged the contract, and the answer admitted it, but denied its performance, and pleaded full payment. Appellants maintain that under their denial that any sum was due they were entitled to prove the arbitration clause in the contract, the decision of the engineer thereon, and payment accordingly; and the trial court so held. But which of the positions on the question of the admissibility of the evidence is right it is not necessary to determine, although the controversy presents a very interesting legal question. The evidence showed clearly that while there may have been an arbitration clause in the contract, and while the engineer was requested by both parties to make a decision, and did pretend to make one by refusing to look into the matter further, as a matter of fact he never gave it any personal attention, but took the statements of subordinates, and acted solely upon them, and not upon any knowledge of his own. This was certainly not the arbitration contemplated in the contract, and the jury was therefore justified, under the court's instruction, in finding generally for the respondent. Judgment affirmed.

DUNBAR, C. J., and HOYT and ANDERS, JJ., concur.