[No. 2662.   Decided December 16, 1897.]

## D. McDONALD et al., Respondents, v. NELLIE LEWIS, Appellant.

AWARD — SETTING ASIDE — REFUSAL OF CONTRACTOR TO ACCEPT — ME-
CHANIC'S LIEN — DELAY IN ENFORCEMENT — ESTOPPEL.

An award of arbitrators may be set aside by a court, although
not fraudulent nor made with the intent of acting unfairly in the
matter, if it appears to be unfair to one of the parties for the rea-
son that the action of the arbitrators was based upon insufficient
knowledge of the matters in controversy, and that they refused
to receive information to properly guide them in the discharge
of their duties.

The fact that contractors for the erection of a building, after
promptly objecting to an award of arbitrators and filing a lien

on the building, delay nearly the full period of time before commencing an action to foreclose their lien and set aside the award would not estop them from recovering.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*Smith & Cole,* for appellant.

*Brinker, Jones & Richards,* for respondents.

The opinion of the court was delivered by

Scott, C. J.—The plaintiffs contracted with appellant Lewis to erect a three-story stone and brick building for her. The building was completed and a disagreement arose between the parties with reference to the amounts due for materials and extra work relating to certain changes in the plans and specifications, for delay in completing the building, and in relation to the manner of payment, etc. Arbitrators were chosen by the parties under the contract for the purpose of settling the matters in dispute. An arbitration was had but the plaintiffs refused to be bound by their decision, and thereafter filed liens for extra work and material and brought this action to set aside the award and foreclose the liens. The defendant Lewis has appealed from the judgment in their favor.

It is first contended that the court improperly set aside the decision of the arbitrators. It was not contended by the plaintiffs upon the trial that the arbitrators acted fraudulently. It is claimed that the award was unfair and unjust to the plaintiffs, and was based upon an imperfect and insufficient understanding by the arbitrators of the matters in controversy, and that they did not undertake to inform themselves thereof, but, on the contrary, refused the plaintiffs a hearing.

It appears that the arbitrators acted, in deciding the matters in dispute, substantially on the contract, plans and

specifications originally entered into, by comparing what the contract called for with the structure as completed. It also appears that said contract, plans and specifications were by agreement of the parties changed in a number of respects during the progress of the erection of the building, and of these matters the arbitrators had no knowledge in some instances and but an imperfect knowledge in others. It appears that upon the morning of the day upon which the arbitration was had one of the plaintiffs was present with the arbitrators and also one Lewis, the son of the appellant, who acted as her agent, and that they got into some altercation respecting the matters in controversy, whereupon they were informed by the arbitrators that they could get along better without them, and they were directed to leave, which they did. One of the contentions of the appellant is that the arbitrators were justified in refusing to hear the parties in consequence of their quarreling. But it does not appear that the conduct of the parties was such or the altercation so serious that they could not have been heard to state their respective claims. Later in the day one of the plaintiffs appeared again before the arbitrators, and was not given a hearing or an opportunity to be heard, but was told to go away and informed that Lewis had been there and they had sent him away; and the arbitrators concluded their hearing and rendered their decision. Plaintiffs immediately objected to it and proceeded as stated.

We are of the opinion that the action of the court in setting aside the award should be sustained. While it is not shown that the arbitrators intended to act unfairly in the matter, it clearly appears that they were not sufficiently informed in the premises, and that the same was not due to any negligence or misconduct upon the part of the plaintiffs. It appears from the testimony that a different deci-

sion would have been reached with respect to a number of items, if the arbitrators had been fully informed of the agreed changes; and the award based upon such premises was an unfair one, and having been promptly objected to by the plaintiffs should not be allowed to stand.

The appellant contends because the plaintiffs delayed nearly the full period of time before commencing their action to foreclose the liens they should be held estopped from recovering in this action, but as they objected to the award without delay and at no time acquiesced therein this contention should not be sustained.

It is further contended by the appellant that the court after setting aside the award erred in its findings with respect to a number of items in controversy which were allowed to the plaintiffs. The court allowed some claims and disallowed others in favor of the respective parties, and the aggregate of its allowance to the plaintiffs exceeded the amount awarded them by the arbitrators by several hundred dollars. We deem it unnecessary to set forth the items in controversy in detail and the evidence bearing upon each. We have read the entire evidence and considered the points argued, and do not think that enough is shown to warrant us in modifying or changing the respective amounts allowed.

Affirmed.

DUNBAR, ANDERS, GORDON and REAVIS, JJ., concur.