[No. 3783.   Decided January 8, 1902.]

## AMOS BROWN's EXECUTORS, *Appellants,* v. S. C. FARNANDIS *et al., Respondents.*

BUILDING CONTRACTS — ALTERATIONS — VALUE — INVALIDITY OF AWARD.

In an action on a building contractor's bond to recover the amount the owner was compelled to pay to avoid mechanics' liens, in which the contractor set up the .aefense that he had not been paid for alterations and additions made outside of the original contract, it was not error to permit evidence of the value of such additions, although the matter had once been submitted to arbitration, where it appeared that the award had been made without hearing the parties thereto in the presence of one another and without passing upon the merits of the dispute between them.

SAME.

Under a building contract providing that the value of the work· added or omitted on account of alterations should be computed by the architect, and the amount added to or deducted from the contract price, and in case of aissent therefrom the valuation thereof should be referred to arbitrators, the fact that the contractor did not object when first informed of the architect's computation would not justify arbitrators to whom the matter was subsequently referred in refusing to pass upon the merits, since he had a reasonable time in which to object in view of the silence of the contract on the question of tne time of raising objections.

APPEAL — SUFFICIENCY OF EVIDENCE.

The verdict of the jury in favor of a building contractor will not be disturbed because of the fact that one of the items in a written statement of account between him and the owner was not proven, thereby throwing the balance as shown in the statement in favor of the owner, when there is oral testimony before the jury explaining the charges and credits in the statement, and working out a balance in the contractor's favor, notwithstanding the eliminated item.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge.   Affirmed.

*R. C. Strudwick* and *W. A. Peters,* for appellants.

*Allen & Allen* and *J. A. Stratton,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—The respondent Farnandis constructed for one Amos Brown a brick and stone building under a contract which contained, among others, the following provision:

"No alterations shall be made in the work shown or described by the drawings and specifications, except upon a written order of the architect, and, when so made, the value of the work added or omitted shall be computed by the architect, and the amount so ascertained shall be added to or deducted from the contract price. In case of dissent from such award by either party hereto, the valuation of the work added or omitted shall be referred to three (3) disinterested arbitrators, one to be appointed by each of the parties to this contract, and the third by the two thus chosen; the decision of any two of whom shall be final and binding, and each of the parties hereto shall pay one-half of the expenses of such reference."

During the progress of the work alterations were made in the original plans as shown by the drawings and specifications by Farnandis upon written orders given him by the architect from time to time. In these orders the architect computed the value of the work added or omitted, as the case might be, and added to or deducted from the contract price the sum found by him to be such value. From these computations Farnandis dissented, whereupon arbitrators were selected pursuant to the clause in the contract above quoted, who purported to examine the matters in dispute, after which they made an award allowing Farnandis for such alterations $107.30 in addition to the contract price. At the time the contract was entered into, Farnandis gave to Brown a bond executed by himself as principal

and his co-respondent and the defendant Niedergassess as sureties, conditioned for the faithful performance of the work according to the terms of the contract. After the work was completed, Brown discovered that certain persons who had furnished materials to Farnandis which were used in the construction of the building had not been paid. These persons, as they had the right to file a lien upon the building to secure themselves, were paid by Brown, and he thereupon instituted this action against Farnandis and his sureties upon the bond to recover the amount so paid. During the progress of the cause Brown died, testate, and the appellants, who are the executors of his will, were substituted as plaintiffs. Niedergassess did not appear in the action, but no judgment was taken against him. The respondents defended on the ground that Farnandis had not been paid the amount of the contract price; claiming a balance due him on the original contract price and for alterations sufficient to offset the amount paid by Brown on the claims of the persons above mentioned. The trial was by jury, which returned a verdict for the respondents. This appeal is from the judgment entered thereon.

During the trial of the cause the trial judge permitted the respondents, over the objection of the appellants, to introduce evidence tending to show the values that should be added or deducted from the original contract price because of the alterations made in the original plans of the building upon the orders of the architect, notwithstanding they had been the subject of the arbitration had between the parties, and in his charge to the jury instructed them to disregard any testimony as to the conclusions reached by the arbitrators. These rulings are assigned as error, the appellants contending that the award was binding upon the parties.

Just what matters were before the arbitrators, or just how they proceeded to reach the conclusion announced by them, the record does not make very clear. Enough does appear, however, to show that there was no semblance of a trial on the contested matters they actually had before them. It seems that the architect, who appears to have acted throughout as Brown's general agent, acting for Brown, and Farnandis acting for himself, submitted to the arbitrators written statements setting forth their respective claims; that the arbitrators then called in the parties separately, and allowed them to make explanations of their own statements, and that from these statements and explanations they made up the award. And even then it appears that they did not pass upon the merits of the matters of difference between the parties as to the amounts to be added or deducted for alterations, except in a few instances, but determined them in favor of Brown, because they did not find it to appear that Farnandis had objected to the computations made by the architect at the time they were submitted to him in the written orders directing him to make the alterations. Other irregularities are shown in the record, but the foregoing are enough to justify the ruling of the trial court holding the arbitration void. While arbitrators are not required to proceed with the formalities of a court, they must proceed in such a manner as to give a full hearing to each of the parties, not only upon the several items of the claim presented by himself, but also upon the claim of his adversary, and upon the evidence adduced in support of that claim. This they cannot do without hearing a party and his witness in the presence of the opposing party. Unless this right is waived by the party, either in the agreement of submission or by conduct amounting to a waiver, an

award made under such circumstances is clearly void. *Van Hook v. Burns,* 10 Wash. 22 (38 Pac. 763).

"The arbitrators must hear the parties in each other's presence. They must hear both sides, and examine the witnesses on each side in the presence of both parties. They should receive no communication from either party without letting the other know it. They should make no inquiries from the witnesses on either side, no matter how immaterial the point, after the hearing has closed. A departure from the strict rule-of-dealing equally with both sides will be fatal to the award." 2 Am. & Eng. Enc. Law (2d ed.), p. 646.

See, also, *McDonald v. Lewis,* 18 Wash..300 (51 Pac. 387); *Emery v. Owings,* 7 Gill, 488 (48 Am. Dec. 580); *Hart v. Kennedy,* 47 N. J. Eq. 51 (20 Atl. 29). There is nothing in the record to show that Farnandis consented to this mode of trial; on the contrary, it appears that the arbitrators refused to permit the parties to appear together.

The reason assigned for refusing to pass on the merits of the contentions of the parties over the several items of difference seems to have been based upon a mistake of fact as well as a mistake as to their duties. But, if it were true that the contractor did not object to the computations of the architect, at the time he received notice of them, he did not thereby waive his right to object at all. As to the time when such objections should be made the contract is silent. It was sufficient, therefore, if he objected within a reasonable time. There is no pretense that his objections were not seasonably made, and, indeed, the very fact that an arbitration was called for and submitted to without protest or claim of this kind was a waiver of the legal objections against a trial of the merits of the controversy.

A second claim of error is that the verdict is against the evidence. This contention is based upon the fact that Far-

nandis, when testifying in his own behalf, produced a written statement of the account between himself and Brown, which on its face showed a balance in his favor, but which contained an item which the court afterwards withdrew from the consideration of the jury because no evidence was introduced to support it. With this item eliminated, the statement showed a balance in favor of the appellants, and it is insisted that they were entitled to a judgment for this balance at least, and that the court should have so instructed the jury. But the statement went to the jury along with the oral explanations made by Farnandis concerning the several amounts charged and credited thereon by means of which he worked out a balance in his favor notwithstanding the eliminated item. The appellants undoubtedly had the right to use the written statement as an admission by Farnandis, and to contradict his oral evidence so far as it would; but it was nevertheless for the jury to say whether the written statement or his oral evidence contained the truth, and their conclusion thereon is binding on this court.

Finding no substantial error in the record, the judgment will stand affirmed.

REAVIS, C. J., and DUNBAR, MOUNT and ANDERS, JJ., concur.