[No. 7352. *En Banc.* November 4, 1909.]

AUGUST ILSE, *Plaintiff and Appellant*, v. AETNA INDEMNITY COMPANY, *Defendant and Appellant.*[1]

CONTRACTS — ACTIONS — CONDITIONS PRECEDENT—ARCHITECT'S CERTIFICATE—IMPEACHMENT FOR FRAUD. The stipulation in a building contract that the certificate of the architect as to the amount due shall be deemed conclusive may be impeached for fraud when an excessive amount is allowed without the exercise of the architect's judgment.

DISMISSAL AND NONSUIT—WITHOUT PREJUDICE—FAILURE OF CONDITION PRECEDENT—CONTRACTS—ARCHITECT'S CERTIFICATE. The successful impeachment for fraud of an architect's certificate as to the amount due, which was to be conclusive and a prerequisite to action on the contract, does not entitle the defendant to a final dismissal on the merits, but only to a dismissal without prejudice to another action.

APPEAL AND ERROR—DECISION—REMAND—ISSUES—ACTIONS—CONDITIONS PRECEDENT. Where the plaintiff in an action on a building contract, in which the architect's certificate as to the amount due was a prerequisite to the action, joined issue on an affirmative defense impeaching the certificate for fraud, and failed to seek any recovery on *quantum meruit*, and the court found that the architect allowed an excessive amount without the exercise of his personal judgment, the plaintiff must submit to a dismissal without prejudice, and is not entitled to a reversal with a remand for a new trial on *quantum meruit*.

Cross-appeals from a judgment of the superior court for Spokane county, Kennan, J., entered February 6, 1908, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

[1]Reported in 104 Pac. 787.

*Kenyon & Setters* and *Graves, Kizer & Graves*, for plaintiff.

*Cullen & Dudley and Peters & Powell*, for defendant.

PER CURIAM.—This case presents an appeal and cross-appeal. We will refer to the parties as plaintiff and defendant. On July 20, 1905, plaintiff entered into a contract with Shoshone county, Idaho, to construct a court house and jail under the supervision of Stritesky & Sweatt, a partnership, as architects. Thereafter plaintiff, by written contract, sublet to the International Fireproof Construction Company a portion of the work to be done. The consideration of the subcontract was $20,400, and the construction company was required to, and did, give a bond for $15,000, with this defendant as surety thereon. The contract contained the following clause:

"The expense incurred by the (plaintiff) as herein provided either for furnishing materials or finishing the work, and any damage incurred through such default, shall be audited and certified by the architects whose certificate thereof shall be conclusive upon the parties."

The construction company did a portion of the work and then, becoming insolvent, failed to proceed. The defendant was called upon to complete the contract, but declined so to do. Plaintiff then completed the work called for by the subcontract. Thereafter he obtained a certificate that he had necessarily expended the sum of $15,361.46 in excess of $11,550, which was the balance that would have been due to the construction company had it completed the work. This certificate was signed "Stritesky & Sweatt, architects, by L. R. Stritesky." On February 13, 1907, plaintiff commenced this action, alleging substantially the matters hereinbefore stated. The defendant answered, denying certain of plaintiff's allegations, and affirmatively alleging that the architects' certificate was not given in good faith, but as a result of fraud and misrepresentation on the part of the

plaintiff and recklessly and without personal examination by said architects. The trial court, among others, made the following findings:

"That the said Stritesky thereafter made and delivered to the said Ilse such certificate, but said certificate was obtained through fraud and misrepresentation on the part of said August Ilse, and without the exercise by the said Architect Stritesky of his personal judgment with respect to matters certified about, and without any intent on his part that the same should be used as a final or permanent certificate.

"That the statement exhibited by the said Ilse to the said Architect Stritesky, and upon which his certificate was based, contained many overcharges and errors in favor of the said Ilse.

"That the certificate of the architect relied upon by the plaintiff in this cause as the basis of his suit, is wholly invalid and not binding upon the defendant by reason of the fraud and deception of the plaintiff through which it was obtained, and the plaintiff is not entitled to recover against the defendant."

After a trial on the merits, the action was dismissed by the trial court upon the ground that it had been prematurely brought, and the dismissal was made without prejudice to the bringing of another suit. Plaintiff appeals from the dismissal, and the defendant appeals from that portion of the judgment which makes the dismissal without prejudice.

It is urged by the plaintiff that the certificate of the architect must be deemed to be conclusive of the amount due the plaintiff, inasmuch as the contract expressly states that the certificate of the architects shall be conclusive between the parties. It is the general rule of law that parties to building contracts may agree that the certificate of an architect or an award by an arbitrator shall be a condition precedent to the right of action or conclusive as to the amount due on the contract. This rule is not without its exceptions. It has accordingly been held that the certificate or award must be made upon such knowledge of the subject-matter as to warrant an opinion binding upon the parties. This prin-

ciple finds expression in the cases of *Van Hook v. Burns,* 10 Wash. 22, 38 Pac. 763; *McDonald v. Lewis,* 18 Wash. 300, 51 Pac. 387, and *Long v. Pierce County,* 22 Wash. 330, 61 Pac. 142. This is consistent with the rule that a certificate may be impeached for fraud or for such gross mistake or error as would imply bad faith. To make a certificate without a proper knowledge of the fact, which upon investigation is found to be untrue, is equivalent in law to the making of a certificate known to be false. The result is the same. The one is an open fraud, the other the product of such bad faith as to operate as a fraud in law. In *Marks v. Northern Pac. R. Co.,* 76 Fed. 941, the court said:

"The constituting, by agreement of parties, of the engineer of the defendant company the umpire to ascertain and determine the amounts that should be due the contractors under the contract, . . . was accompanied by the presumption of law that the engineer should at all times, and in respect to every matter submitted to his determination, exercise an honest judgment, and commit no such mistakes as, under all the circumstances, would imply bad faith."

There has been much loose expression on the part of courts upon this subject, and many of them have seemingly held that the certificate once given cannot be questioned. There may be contracts so drawn, or the circumstances of the particular case may be such that this doctrine would apply, as for instance in the case of *Martinsburg etc. R. Co. v. March,* 114 U. S. 549, 5 Sup. Ct. 1035, 29 L. Ed. 255, where the contracting company had expressly bound the other party to accept as conclusive the estimates of its own engineer, and then sought to impeach his certificate. But here we have no such condition. Both parties were entitled to an honest award, and to hold defendant to answer in a sum clearly shown to be erroneous would deprive it of its legal rights. We do not think it was ever intended, in the absence of facts equivalent to an estoppel, to hold the certificate of an architect was anything more than a condition precedent to an action, or to afford an opportunity for settlement out of

court.   For it is the policy of the law to favor contracts that will avoid litigation.

"When, therefore, a contract discloses nothing more than an agreement generally to refer any and all disputes to arbitration, it does not prevent the contractor from maintaining an action in court.   It should not refer any and every matter to arbitration, but provide that the contractor shall not sue nor the company be liable until the engineer has determined the amount to be paid.   To some this distinction may not be so apparent, and it has *not* been established without criticism.   As Judge Martin once said in a case setting forth such a decision: 'If parties may arrange [agree] that before any action is brought an arbitrator [engineer] shall ascertain the sum to be paid, that seems to be only a circuitous mode of saying that no action shall be brought.'  Yet the decision has been followed and is now well established that the parties to a contract may not oust the courts of their jurisdiction over the subject-matter of their contracts." Wait, Engineering and Architectural Jurisprudence, § 345.

In this case the certificate of the architect fixed an amount in excess of the amount actually due.   This fact cannot be questioned.   This condition was brought about through the probable mistake of plaintiff, concurring with the indolence or ignorance of the architect.   It did not voice the honest judgment of the architect, and for that reason was liable to impeachment by either party.   The court committed no error, then, either from the viewpoint of the fact or the law, in admitting evidence to impeach the certificate of the architect.

Plaintiff insists, however, that he should not suffer a judgment of dismissal because of this finding by the court.   We would be glad indeed to so hold, if we could sustain our position by reference to principle or precedent.   Some amount was due plaintiff, and this he might have recovered but for the unfortunate position he has voluntarily placed himself in.   He began his action upon the theory, and maintained it throughout the trial, that the certificate of the architect was final and conclusive as to the amount due, and that the testimony offered by defendant to challenge the certificate was

incompetent to prove such fraud or mistake as would prevent a recovery. Defendant answering the complaint, challenged the certificate as fraudulent in law and, therefore, not binding upon it. No motion or demurrer was directed to this pleading. Plaintiff might then have raised the issue as to the reasonable value of his services, on the theory that, if the certificate was so grossly in error that it was not binding on the parties, he was still entitled to the value of his services in an amount to be ascertained by the court. Instead of doing this, he replied, denying the affirmative defense. He thus said that he would rely upon the certificate as given by the architect; that he would take the amount so certified or take nothing. It was his privilege to adopt either theory of the law, but in so doing he was bound to abide the consequences of his position. Had plaintiff been willing to raise the issue, the court would have no doubt proceeded to find the actual amount due, or, in other words, reject the false certificate and try out the issue on a *quantum meruit*. We would not be inclined to hold, for we cannot believe, that it is the law that parties, situated as the parties to this action were, should be compelled on either side to obtain another certificate as a condition precedent to the action. The effect of a reversal would be to send the case back for retrial upon a theory rejected by the plaintiff as long as the hope prevailed that he could recover on the certificate, thus putting this court in the somewhat peculiar position of defining the law in the first instance and directing the issue to be tried and the submission of evidence to meet it. To direct a trial on a *quantum meruit* we would have to direct an amendment of plaintiff's pleadings, ordering him to admit the fact that the certificate was wrong, a condition for which plaintiff's own mistake, coupled with the ignorance, incapacity, or wilfulness of the architect, was responsible. It would seem that we have no right to do this, although the true merit of the case was with plaintiff in the first instance. The conclusion we have reached is supported by the further fact that, while excep-

tions were numerous and plaintiff took exceptions to that part of the judgment holding the certificate invalid, no exceptions were taken to the order dismissing his action without prejudice.

For the reasons herein stated, the judgment of the lower court is affirmed.