[No. 10088. Department One. August 16, 1912.]

AUGUST ILSE, *Appellant*, v. AETNA INDEMNITY COMPANY, *Respondent*.[1]

LIMITATION OF ACTIONS — CONTRACT LIMITATION — INDEMNITY BOND—REASONABLE EXCUSE FOR DELAY. A limitation in an indemnity bond, requiring actions to be commenced within six months after the completion of the work, will be enforced, if there is no reasonable excuse for the delay; and it is not a reasonable excuse for a delay of three years that the plaintiff mistook his remedy upon advice of counsel, first unsuccessfully waging a suit upon an architect's certificate which he had obtained by fraudulent means, which suit was not dismissed until more than two years after the time for commencing the proper action had expired.

LIMITATION OF ACTIONS — FOREIGN CORPORATIONS — CONTRACT LIMITATIONS—EXCEPTIONS. The rule that statutes of limitations do not run in favor of a foreign corporation, because it is "out of the state" and so within the exception of Rem. & Bal. Code, § 168, has no

[1]Reported in 125 Pac. 780.

application to the contract limitation in an indemnity bond which disclosed the foreign sovereignty of the company and names no exceptions.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered May 31, 1911, dismissing an action on an indemnity bond, upon sustaining a demurrer to the complaint. Affirmed.

*F. W. Girand* and *Robertson & Miller,* for appellant.

*Peters & Powell* and *W. E. Cullen,* for respondent.

Gose, J.—This is a suit upon an indemnity bond. A demurrer to the complaint was sustained, and upon the plaintiff's statement that he would stand upon his complaint, a judgment of dismissal was entered. The plaintiff has appealed.

The bond, which is made a part of the complaint, provides:

"If any suits at law or proceedings in equity are brought against said surety to recover any claim hereunder, the same must be instituted within six months after the completion of the work specified in said contract."

The complaint alleges that the appellant had a contract for the erection of a courthouse and jail, in Shoshone county, the state of Idaho; that, on the 21st day of July, 1905, the International Fireproof Construction Company, a copartnership, undertook and agreed with him to do certain work thereon; that on the 31st day of July following, the copartners as principals and the respondent as a surety executed the bond in suit, conditioned for the faithful performance of their contract; that they failed to perform their contract and wholly abandoned it about the 1st day of April, 1906; that the appellant was compelled to and did complete the work required by their contract at an expense to him of $15,000 in excess of the price for which they had contracted to do the work; that on the 15th day of February, 1907, the appellant commenced an action in the superior court of Spokane county, based upon the architect's certificate, to recover

the amount expended by him; that the action was dismissed without prejudice, and that, upon appeal to this court, the judgment was affirmed on the 4th day of November, 1909, the remittitur being filed in the court below on the 4th day of January, 1910; that the action was dismissed on the ground that the appellant had mistaken his remedy in suing upon the certificate of the architect instead of upon a *quantum meruit*, and,

"That plaintiff pursued his said remedy upon advice of counsel and any delay in instituting this action was occasioned by the facts hereinbefore set forth and an endeavor to determine his remedy and the said delay, if any, has not injured or placed the defendant at a disadvantage in the defense of said action, or at all."

The original complaint in this case was verified July 19, 1910, and service was made on August 15 following. The suit is upon a *quantum meruit*. The bond runs directly to appellant, and recites that the respondent is "a corporation existing under and by virtue of the laws of the state of Connecticut." A reference to the dates given discloses that this suit was commenced more than three years after "the completion of the work specified in said contract," quoting from the stipulation in the bond, and more than six months after the filing of the remittitur from this court in the court below.

We think the demurrer was properly sustained. *Sheard v. United States Fidelity & Guaranty Co.*, 58 Wash. 29, 107 Pac. 1024, 109 Pac. 276. In that case, in speaking of the legal effect of a clause in a bond fixing the time for the commencement of suits thereon, we said:

"The authorities generally agree that it is competent for the parties to an indemnity bond to fix a period of limitation different from that provided by statute, and we think the better rule is that the limitation, if reasonable—and there is no reasonable excuse for delay in the commencement of the action—is binding upon the parties. . . . To determine whether the limitation upon the commencement of the action is reasonable, the bond, the contract, and the facts of the particular case must be considered together."

A reference to the case of *Ilse v. Aetna Indemnity Co.*, 55 Wash. 487, 104 Pac. 787, the case referred to in the complaint, discloses that the appellant failed because the court found that he procured the architect's certificate, upon which he waged his suit, by fraudulent means. It seems quite plain that the wrongful acts of the appellant, which vitiated the architect's certificate and defeated him in the first case, cannot be held a "reasonable excuse for delay" in the commencement of this action. The averment in the complaint that the appellant "pursued his said remedy" in the first case upon the advice of counsel, means no more than that counsel assumed the integrity of the certificate.

The appellant has cited a line of authorities which hold that a foreign corporation cannot avail itself of the statute of limitations, even where it had continuously transacted business within the state for the statutory period before the commencement of the action, and had property and officers therein. These decisions are based upon statutes similar to Rem. & Bal. Code, § 168, and they hold that a foreign corporation is at all times "out of the state." They are rested on the principle that a corporation has no legal existence out of the boundaries of the sovereignty where it was created, and "that it must dwell in the place of its creation and cannot migrate to another sovereignty." Upon the authority of these cases, the appellant contends that the action was timely commenced. The cases are not in point. It must be remembered that our statute, Rem. & Bal. Code, § 168, is an exception to the general statute of limitations. Without this exception, the statute would run in favor of a foreign corporation to the same extent as a domestic corporation or a private individual.

We need not consider the meaning of the statute as applied to a foreign corporation, as we are here dealing with a contract limitation where the respondent's sovereignty is disclosed and no exceptions are named in the bond.

The judgment is affirmed.

Ellis, Parker, Crow, and Chadwick, JJ., concur.