[No. 12351. Department Two. May 6, 1915.]

HARRISON S. TAFT et al., Respondents, v.
WHITNEY COMPANY, Appellant.[1]

CONTRACTS—BUILDING CONTRACTS—APPROVAL OF ARCHITECT. Where construction work is to be done to the satisfaction of a .third party, such as an architect, the judgment of such third party, either in approving or condemning the work, must be exercised in an honest and independent manner, not arbitrarily or fraudulently; and, if the approval or condemnation of the work is arbitrary, it amounts to a constructive fraud.

CONTRACTS—PERFORMANCE—QUESTION FOR JURY. In an action by a subcontractor on a contract for putting in the cement floors of a large office building, whether the architects had been arbitrary in condemning the work and ordering its removal, and whether the work done by the subcontractor was in conformity to the plans and specifications, was a question for the jury, where the evidence showed he had completed the work on five of the floors, and the architects ordered them all out on the objection that they did not conform to sample and that the subcontractor had been employed without his

[1]Reported in 148 Pac. 43.

approval, as the contract with the construction company required; and the subcontractor testified that whatever defects there were in the floors could have been corrected without their removal.

CONTRACTS—PERFORMANCE—EVIDENCE. In an action by a subcontractor to recover for work done which the architects condemned and ordered replaced by the principal contractor, evidence touching the question whether the floors constructed by the subcontractor were equally as good as those subsequently constructed by the principal contractor to replace them was admissible as bearing on the question whether the architects had considered the merits of the subcontractor's work when they ordered its removal, or whether the reason they condemned it was because the contract had not been submitted to them for their approval.

Appeal from a judgment of the superior court for King county, Humphries, J., entered May 12, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*John H. Powell* and *George R. Biddle,* for appellant.

*Herr, Bayley & Wilson* and *Carl E. Croson,* for respondent Taft.

*Turner & Hartge* and *John W. Roberts,* for respondent Maryland Casualty Company.

MAIN, J.—Some time prior to the first day of April, 1913, the owner of certain real estate in Seattle contracted with the Whitney Company, a corporation, for the erection thereon of a building. This building is generally known as the L. C. Smith building. The architects for the building were Gaggin & Gaggin, of Syracuse, New York. The representative of the architects in superintending the construction of the building was one H. W. Thompson. On the date mentioned, the Whitney Company contracted with the plaintiff Harrison S. Taft, that the latter should provide all of the materials and perform all of the work necessary for the "cinder filling and finishing of the cement floors for the L. C. Smith building." These floors were to be constructed "according to the general masonry and carpenter specifications pertaining to this work." The contract between the Whitney Company and

Taft contained a provision that the work was to be done "under the direction of the said architects, and that their decision as to the true construction and meaning of the drawings and specifications shall be final."

The Maryland Casualty Company wrote the bond guaranteeing the faithful preformance of the contract by Taft. The contract between the owner and the Whitney Company contained a provision that "No contractors are to be employed unless the owner and architects have first approved of the persons in writing after contractor has proposed subcontractors in writing to owner and architects. The architects shall have the right to demand the immediate discharge of any incompetent workman or subcontractor by giving the contractor or his foreman a written order or telegram to that effect." The contract of the Whitney Company with Taft was at no time submitted by that company to the architects or the owner in accordance with this provision.

Some time after the contract for the construction of the floors had been entered into, Taft entered upon the performance of the work therein provided for. After Taft had put in about one-half of five floors, the work was condemned by the architects, and he was directed to begin removing the same from the building within twenty-four hours. This he did not do, and on August 11, by written notice from the Whitney Company, the contract was terminated. After Taft's contract had been terminated, the floors were taken out by the Whitney Company. This company then constructed the floors throughout the building.

The present action was instituted by Taft for the purpose of recovering for the work which he had done, and for damages. The bonding company, while not originally a party to the action, became such by stipulation. The answer of the Whitney Company to the plaintiff's complaint contained a counterclaim for damages. The cause was tried to the court and a jury. A verdict was returned in favor of the plaintiff for the value of the work which he had done under

the contract at the time of its termination. Motion for a new trial being made and overruled, a judgment was entered upon the verdict in favor of the plaintiff and against the defendant, the Whitney Company. From this judgment, the latter appeals.

The case presents three questions: First, was the condemnation of Taft's work by the architects binding and conclusive, if in fact the architects acted in an arbitrary manner? Second, If the subcontractor has the right to impeach the acts of the architects which are arbitrary, is there sufficient evidence in this case to carry the question of the arbitrariness of the conduct of the architects to the jury? And third, Did the trial court err in admitting evidence as to the floors put in by the Whitney Company?

I. The Whitney Company claims that, under the terms of the contract which required the work to be done under the direction of the architects, and that their decision as to the true construction and meaning of the drawings and specifications shall be final, the acts of the architects cannot be impeached except for fraud. In support of this contention a number of cases are cited, most, if not all, of which are from the courts of the state of Pennsylvania. Whatever the rule in that state may be, the law in this state is reasonably well settled by the previous decisions of this court. The rule of these decisions is, that where construction work is to be done to the satisfaction of a third party, such as an architect, the judgment of such third party, either in approving or condemning the work, must be exercised in an honest and independent manner and not in an arbitrary or fraudulent manner. If the approval or condemnation of the work is arbitrary, it amounts to a constructive fraud. *McDonald v. Lewis*, 18 Wash. 300, 51 Pac. 387; *Dyer v. Middle Kittitas Irr. Dist.*, 40 Wash. 238, 82 Pac. 301; *Camp v. Neufelder*, 49 Wash. 426, 95 Pac. 640, 22 L. R. A. (N. S.) 376; *Ilse v. Aetna Indemnity Co.*, 55 Wash. 487, 104 Pac. 787.

II.   The next question, therefore, is whether the evidence was sufficient to carry the question to the jury as to whether the architects in condemning all of the work put in by Taft, and ordering its removal, acted in an arbitrary manner.   The evidence of the plaintiff showed that the floors put in by Taft were equally as good as those subsequently constructed, and were in accordance with the plans and specifications; that the architects' principal objection to the floors was that they did not conform to a sample which had been previously submitted; that the sample was submitted for the purpose of showing color only, and not as a sample of construction; that whatever defects there may have been in the floors constructed by Taft, they could have been corrected without their removal; and that no part of the floors was permitted to remain, but a sweeping condemnation was made of the entire work. Of course, the testimony of the witnesses for the defendant was in conflict with the testimony given in support of the allegations of the complaint.   The letter of the architects to the Whitney Company under date of July 19, 1913, condemning the floors, states:

"These floors are entirely unsatisfactory and we are compelled to reject them and ask you to remove them from the building and replace these floors with floors of workmanship such as will comply with requirements of the contract.

"We cannot approve of the employment of the sub-contractor that you have had working on this work and we hereby inform you that you must either do this work yourself or have it done by some other sub-contractor.

"We wish to call your attention to the fact that you have not at any time presented to us the name of this sub-contractor to have our approval or disapproval of his employment for this work, and we ask you hereafter to be more careful if you have in your mind to sub-let any of your work."

The fact that Taft's subcontract was not submitted to the architects for their approval or disapproval is made a prominent feature of this letter.   Taft claims that is the real reason why his work was condemned.   Taking the contents of

this letter into consideration, together with the facts stated, as well as other facts and circumstances which appear in the record, the cause was properly submitted to the jury, whose province it was to determine from the evidence whether the architects had been arbitrary in condemning the work and ordering its removal, and whether the work done by Taft did in fact conform to the plans and specifications.

III.   As appears from the facts stated upon the trial, evidence was admitted touching the question whether the floors constructed by Taft were equally as good as those subsequently constructed by the Whitney Company. Upon the introduction of this testimony, error is sought to be predicated. The admission of the evidence was not error for two reasons: First, while this line of testimony when first offered was objected to by the Whitney Company, the objection does not seem to have been insisted upon, counsel for the Whitney Company having stated subsequently during the trial that the only reason that he objected to this line of testimony was to save time. In addition to this, the testimony was admissible as bearing upon the question whether the architects had considered the merits of Taft's work when they ordered it removed, or whether the reason they condemned it was because this contract had not been submitted to them for their approval.

The judgment will be affirmed.

MORRIS, C. J., ELLIS, FULLERTON, and CROW, JJ., concur.