[No. 13240. *En Banc.* December 9, 1916.]

THE STATE OF WASHINGTON, *on the Relation of Andrew Peterson, Respondent*, v. THE CITY OF SEATTLE, *Appellant.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS — CONTRACTS — DECISION OF CITY ENGINEER—ARBITRARINESS.  A provision in a city contract making the decision of the city engineer final and conclusive as to the amount of work to be paid for under the contract, is not binding where it appears that it was so manifestly erroneous as to be arbitrary and capricious, and will be disregarded by the courts.

Appeal from a judgment of the superior court for King county, Frater, J., entered July 6, 1915, upon findings in favor of the plaintiff, in an action in mandamus by a contractor to obtain special assessment warrants or bonds. Affirmed.

*James E. Bradford, Hugh M. Caldwell*, and *Howard A. Hanson*, for appellant.

*John W. Roberts* and *George L. Spirk*, for respondent.

PARKER, J.—This action, while in form a mandamus proceeding, is in substance an action to recover a balance claimed by the relator Peterson to be due him upon his contract with the city of Seattle for the construction of a local street improvement.  Trial in the superior court without a jury resulted in findings and judgment in favor of the relator in the sum of $2,041.93, and mandamus against the officers of the city requiring them, in satisfaction of the judgment, to issue and deliver to the relator warrants or bonds payable by special assessment against the local improvement district.  From this disposition of the case, the city has appealed to this court.

By the terms of the contract, Peterson was, upon completion of the improvement, to be paid therefor in local improve-

[1] Reported in 161 Pac. 478.

ment warrants or bonds, in a total sum determinable by the quantities of the various items of construction and the unit price therefor agreed upon; for instance, earth work, twenty-eight cents per cubic yard; clearing and grubbing, $100 per acre; wood walks, $20 per thousand feet, board measure, etc. The controversy here is over the quantities of earth work and three or four other small items for which Peterson claims compensation under the contract, claiming that the city engineer arbitrarily and capriciously refused to allow, in his estimate of quantities, the full amount of work actually performed in the construction of the improvement. So far as the merits of Peterson's claims are concerned, they present only questions of fact, and counsel for the city contend that the decision of the city engineer on these questions of fact in the making of his estimates became final and conclusive upon Peterson because of the following provision of the contract:

"To prevent all disputes and litigation, it is further agreed by the contractor that the city engineer shall in all cases determine the amount of work to be paid for under the contract for this improvement, and his estimates and decisions shall be final and conclusive, subject to the approval of the board of public works."

This contention, of course, would have to be sustained unless it can be said from the evidence that the decision of the city engineer was so manifestly wrong as to call for the conclusion that it was arbitrary and capricious on his part, to the prejudice of Peterson, which evidently is the theory upon which the trial court rendered its decision in favor of Peterson. We have read all the evidence with care, as presented in the abstracts prepared by counsel, and conclude therefrom that we cannot see our way clear to disturb the conclusion reached by the trial court, notwithstanding the provision of the contract in terms making the engineer's decision in determining the several quantities of the different classes of work final. The conclusion that the engineer's determination of the quantities was so manifestly erroneous as to evidence

arbitrary and capricious action on his part we think finds support in the evidence, and that the trial judge did not err in so regarding it. The evidence is very lengthy and involves many details which we think it unnecessary to review here. That a decision of a supervising architect or engineer, arbitrarily or capriciously made to the prejudice of a contractor, though such architect or engineer be made an arbiter by the terms of the construction contract, will be disregarded by the courts, is well settled. *Taft v. Whitney Co.*, 85 Wash. 389, 148 Pac. 43.

The judgment is affirmed.

MOUNT, MAIN, CHADWICK, HOLCOMB, ELLIS, and FULLERTON, JJ., concur.