Inslee v. Flagg.

---

## JOHN B. INSLEE *vs.* WILLIAM FLAGG.

1. An arbitrator cannot act until he is sworn, and any award made without first taking the oath prescribed by statute is void. This rule applies to all cases of arbitration, whether the submission is made a rule of court or not.

2. To be sworn is the duty of the arbitrator, and a pre-requisite to his jurisdiction and even where a party proceeds without it, the award is not good.

3. If an award is pleaded, a replication that the arbitrators making it did not, before proceeding to the business submitted to them, take the oath or affirmation prescribed by the statue, is good.

---

In error to the Middlesex Circuit Court.

The question in this case was, whether an award made by arbitrators without being sworn or affirmed, as prescribed by the statute, was good. The facts sufficiently appear in the opinions delivered in this court.

Inslee v. Flagg.

Argued at June Term, 1857, before the CHIEF JUSTICE, and Justices ELMER, POTTS and VREDENBURGH.

*A. V. Schenck*, for plaintiff in error.

*H. V. Speer*, for defendant.

The CHIEF JUSTICE. To an action of *assumpsit*, brought by Inslee in the court below, the defendant pleaded an award. The plaintiff replied that the arbitrator to whom the submission was made did not, before proceeding to the business submitted to him, take the oath or affirmation prescribed by the statute. To this replication there was a general demurrer, and judgment thereon for the defendant.

The only question presented for consideration is, whether the failure of the arbitrator to take the oath avoids the award.

The act for regulating references and determining controversies by arbitration (*Nix. Dig.* 26, § 6,) directs that in cases of arbitration *every* arbitrator shall, before he proceeds to the business submitted to him, take an oath or affirmation of the like nature with that prescribed to be taken by referees, and to be administered in like manner. The fourth section of the act prescribes the oath to be taken by referees, and by whom it shall be administered. It is insisted that the sixth section of the act applies only to cases where the arbitration is to be made a rule of court. But certainly the act itself contains no such limitation. It comprehends every arbitrator and all cases of arbitration. Nor is there anything in the general structure and scope of the act, or in the reason of the thing, to narrow the natural import of the language of the sixth section. The two first sections of the act, including the preamble, are a substantial copy of the *Stat.* 9 and 10 *Will. III., ch.* 15, and apply only to arbitrations where no cause is pending, and where the submission is agreed to be made a rule of court. *Lucas* v. *Wilson*, 2 *Burr.* 701.

The third, fourth and fifth sections of the act regulate references where there is a cause pending in court. It might be inferred from what is reported to have been said by the Chief Justice (Kinsey) in *Ford* v. *Potts*, 1 *Halst.* 393, that the whole of the statute, as found in *Paterson* 141, is a transcript of the English statute, and applies only to cases where no suit is depending. But the remark is applicable only to the two first sections of the statute. The residue of the act was drawn by Governor Paterson, and affords a more efficacious remedy upon reports of referees than existed at common law. The sixth section prescribes an oath as the qualification of every arbitrator. No reason can be given why an arbitrator should be sworn when the arbitration is to be made a rule of court, and not sworn in all other cases. The whole object of making it a rule of court, is to enforce it by a more summary process than could otherwise be resorted to. The legislature doubtless designed to give to every party who submitted his controversy to arbitration the protection which the law affords to every party litigant, viz., the oath of the tribunal by which his rights are to be adjudicated. This construction of the sixth section appears to have been entertained by the court in *Ford* v. *Potts*, 1 *Halst.* 393. If the sixth section of the act is restrained in its application to arbitrations where the submission is to be made a rule of court, no reason is perceived why the seventh section should not be subject to the same limitation. Yet no such construction can be adopted without contravening the language, and defeating the obvious design of the act.

It is further objected, that if the arbitration is within the provision of the sixth section of the act, the failure of the arbitrator to be sworn is a mere irregularity, and does not avoid the award.

This view was expressed in *Ford* v. *Potts*, 1 *Halst.* 393, but it was not necessary to the decision of that case, and it is contrary to the uniform course of decisions in this court. It has been repeatedly held in this court, that if it

Inslee v. Flagg.

did not appear that the referee was sworn, a judgment entered upon the report would be reversed. *Bowen* v. *Laning*, 1 *Penn.* 139; *Reeves* v. *Goff*, *Ib.* 143; *Parker* v. *Crammer*, *Ib.* 271; *Little* v. *Silverthorne*, 2 *Penn.* 680; *Crammer* v. *Mathis*, *Ib.* 550.

The question was directly presented in *Combs* v. *Little*, 3 *Green's Ch. R.* 310. The answer, in that case, set up an award in favor of the defendant, for a large amount, to be paid by the complainant. It admitted that the arbitrators were not sworn, but insisted that the award was not thereby rendered void, but that it was binding upon the parties in equity. But the Chancellor (Pennington) held that, as the arbitrators were not sworn, the whole proceeding was void.

The sound construction of the statute is, that the arbitrator cannot act—that, in fact, he is clothed with none of the powers of an arbitrator, and can make no award until he is sworn.

It is further insisted that the necessity of the arbitrator being sworn may be waived; and if the party suffer the arbitrator to proceed without being sworn, it operates as a waiver. This doctrine has the sanction of judicial authority in a sister state, as well as the support of the *obiter* opinion of a learned judge of this court. *Ford* v. *Potts*, 1 *Halst.* 393; *Browning* v. *Wheeler*, 24 *Wend.* 258; *Howard* v. *Sexton*, 1 *Denio* 440; *S. C.*, 4 *Comstock* 157.

These cases proceed upon the ground that the oath of the arbitrator is not a pre-requisite to jurisdiction; that its omission is a mere irregularity, which the party may waive, like any other irregularity, by proceeding with the cause without objection. But this view of the statute is in direct conflict with the whole course of adjudication in this state. No judgment could ever have been reversed on the ground that the arbitrator was not sworn, if such omission was a mere irregularity, and the party's proceeding before the arbitrator, a waiver of that irregularity. The construction is, in fact, a virtual repeal of the statute,

which requires, in express terms, that every arbitrator shall be sworn before he proceeds to act. This construction adopts the principle that he need not be sworn unless the party demands it. This provision is expressly embodied in the Pennsylvania act of 21st of March, 1806, by which it is enacted that referees chosen in pursuance of the act, shall be sworn as prescribed in the act, *unless the same shall be dispensed with by the consent of the parties.* The construction now contended for will operate to engraft, by judicial construction, this provision upon our act, without the semblance of legislative authority, and in direct conflict with the terms of the act. And how, it may be asked, does it appear that the party knew that the arbitrator was not sworn. That was the duty of the arbitrator, and may not the party presume that the arbitrator would not violate his duty; that he would not assume to act as arbitrator, in violation of the statute, without being sworn; and how can his proceeding before the arbitrator be a waiver of the objection, if the party had no knowledge of its existence?

Lastly, it is objected that the oath of the arbitrator, being matter *dehors* the award, its omission cannot be pleaded in avoidance. It is undoubtedly true that a party cannot, in an action at law, plead or give in evidence, in avoidance of the award, collusion or misconduct, or mistake of the arbitrators, or other extrinsic matter, against which relief can be had only in equity. *Sherron* v. *Wood,* 5 *Halst.* 18. But the principle cannot extend to a matter which not merely impeaches the regularity, but questions the very existence of the award.

The judgment must be reversed.

POTTS, J. The declaration is in *assumpsit* for work and labor, &c. The defendant pleaded—1, the general issue; 2, an award; 3, payment. To the plea of an award, the plaintiff replied that the arbitrator did not take the oath prescribed by the statute. The defendant demurred, and

Inslee v. Flagg.

the court below sustained the demurrer. The writ of error is brought to review this decision, and the question is, whether this replication is a sufficient answer in law to the plea.

The first inquiry is, what is the true construction of the 6th section of the " act for regulating references and determining controversies by arbitration?" *Nix. Dig.* 25. Does that section apply to all cases of arbitration, or only to such as are made a rule of court?

The statute in question, with the exception of what is now the 7th section, was passed in December, 1794, *Paterson's L.* 141; but it does not appear that the 6th section has ever received an authoritative judicial construction. The question now presented has been several times before the courts, but in every case the decision has turned upon some other point. *Ford* v. *Potts,* 1 *Halst.* 388; *Combs* v. *Little,* 3 *Green's Ch. R.* 310; *Johnson's Executors* v. *Ketchum, Ib.* 364; *Pintard* v. *Irwin, Spencer* 497. In Ford *v.* Potts, Ch. Just Kinsey seems to have been of the opinion that the words of the section applied to all cases of arbitration; but that the words imposed a duty rather on the arbitrator than the party, and that a failure to comply with the directions of the statute did not invalidate the proceedings, or empower any court to set them aside. But if this is so, if the directions of the statute apply, and yet whether the arbitrators comply with them or not, their award is equally valid and binding, the section might as well be repealed. The Chancellor, in Combs *v.* Little, said : " So far as relates to the arbitration which has taken place between these parties, it can pass for nothing in the view which I take of this case." " My own opinion is, that as the arbitrators were not sworn, the whole proceeding is void." In neither of the above cases had the submission been by rule of court.

The first five sections of the statute refer exclusively to two classes of cases. 1. Those where matters are in difference between parties, and no suit has been com-

menced in court; there, if the parties desire to arbitrate their differences, they may make their submission a rule of court, and the court will enforce obedience to the award made. 2. Those where suits are already pending; in which cases a reference is provided for, and the report of the referees is, in effect, substituted for the verdict of a jury.

The fourth and fifth of these sections relate to the second class of cases only, and provide that the referees shall be sworn in every cause referred by rule of court, and for the convening and swearing witnesses in such cases to give evidence before the referees. The language of the fourth section is, that "in every cause referred by rule of court, each referee shall, before he proceeds to the business of the reference, take an oath," &c. Similar references are authorized by the small cause act, (*Nix. Dig.* 400, § 55,) to be conducted in the same manner in all respects as directed in the statute now under consideration; and it has always been held by this court, that an award, to be the foundation of a judgment in a justice's court, must appear to have been made by sworn arbitrators. *Lanning* v. *Bowen, Penn. R.* 139; *Reeves* v. *Goff, Ib.* 143; *Parker* v. *Crammer, Ib.* 271; *Crammer* v. *Mathis, Ib.* 550; *Little* v. *Silverthorne, Ib.* 680.

The sixth section of the act is in these words: "In cases of arbitration, every arbitrator shall, before he proceeds to the business submitted to him, take an oath or affirmation of the like nature with that hereinbefore prescribed to be taken by referees," &c.

"In cases of arbitration." These words are broad enough to reach all arbitrators. No intention to limit their application is inferable from the language used. If such an intention had existed, it is reasonable to suppose it would have been expressed. The legislature was aware that the proceeding by arbitration already existed at common law, and would continue to exist, notwithstanding the statute,

and yet there is no exception of this class of arbitrators from the general directions given.

The object of the act, as expressed in the title and pre-amble, (*Pat. L.* 141,) was to regulate references, and render the awards of arbitrators more effectual ; and one of the means adopted to this end, was to require both arbitrators and referees to be sworn ; to bind them by the solemn obligations of an oath to the faithful discharge of their duties, as judges and jurors, in whose places they were to some extent substituted, were bound ; and surely the reason for requiring such a qualification for duty applies as strongly to common law arbitrators as to referees or statutory arbitrators.

The argument against this construction is founded entirely on the fact that the sixth section is part of an act which, in all that precedes this section, treats only of cases of reference by rule of court. But the same reasoning would apply equally to the seventh section. That provides that, " in all cases of arbitration, it shall be lawful for a justice of the peace to issue subpœnas for witnesses to appear before arbitrators, and for the arbitrators to swear or affirm the witnesses," &c. And it will not be contended that the provisions of the seventh section do not apply to common law as well as statutory arbitrations. This section, it is true, was not a part of the original act—it is the supplement of 1819, condensed into one section in the revision of 1846 ; but this makes no difference.

Whether, therefore, we consider the natural and ordinary meaning of the words used, the circumstances under which they were used, the reason of the rule prescribed, or the judicial construction placed on similar provisions of the same statute, we are led to the result that, the requirement of the section that arbitrators shall be sworn before they enter upon their duties, applies to all cases of arbitration.

Then is the replication a sufficient answer in law to the plea of an award ? The fact stands admitted by the de-

murrer, that the arbitrator whose award is set up by the plea was never qualified to enter upon his duties or to make an award. Can any judgment be founded on such an award here, any more than in a justice's court? I think not. I agree with the opinion of the Chancellor, in Combs *v.* Little, that this award can pass for nothing. If arbitrators will not qualify themselves, as the statute requires them to do, for their duty, before they undertake to discharge it, the awards they make may be well enough, if the parties choose to submit to them, but they are not, in law, good awards, and cannot be enforced.

ELMER, J., concurred; VREDENBURGH, J., dissented.