In the Matter of the Application of BENJAMIN HERMAN, as President of INTERNATIONAL BROTHERHOOD OF PULP, SULPHITE AND PAPER MILL WORKERS, LOCAL 333, Affiliated with the AMERICAN FEDERATION OF LABOR, Petitioner, for an Order Confirming an Award in Arbitration Proceedings between INTERNATIONAL BROTHERHOOD OF PULP, SULPHITE AND PAPER MILL WORKERS, LOCAL 333, as Complaining Party, and H. FLEISIG, INC., as Defending Party, Respondent.

Supreme Court, Special Term, New York County, December 19, 1938.

*William Karlin*, for the petitioner, as president, etc.

*Daniel Polansky*, for H. Fleisig, Inc., respondent.

NOONAN, J. This is a motion by Benjamin Herman, as president of International Brotherhood of Pulp, Sulphite and Paper Mill Workers, Local 333, affiliated with the American Federation of Labor, hereinafter referred to as the "union," for an order confirming an award in arbitration proceedings between the union and H. Fleisig, Inc., the employer.

On October 3, 1938, the union and employer entered into a collective labor agreement by the terms of which, among other things, it was agreed by section 5 thereof as follows: "It is agreed, in accordance with the strike settlement stipulation heretofore made by the parties that the hourly wage rates to be paid to each of the employees whose names are set forth in Schedule 'A' annexed hereto, shall be determined on or before October 8, 1938, by an arbitrator designated by the Executive Secretary of the New York State Board of Mediation. The arbitrator shall make an award in writing setting forth such individual hourly rates.  *  *  * The award so made by the arbitrator shall be deemed a part of this contract as if fully incorporated herein."

Joseph W. Landes was thereafter designated as arbitrator, and on October 12, 1938, the parties to the labor agreement entered into a written arbitration submission embodying the terms of section 5 of the labor agreement and agreed to submit for arbitration the question of the hourly wage rate to be paid to certain named employees. A provision in this arbitration submission stated "that any award rendered by the arbitrator may be enforcible by either party by application to the Supreme Court State of New York, and such award shall have the same force and effect as any judgment of any court of record of the State of New York."

The hearing before the arbitrator was held on October 15, 1938. The arbitration submission contained no limitation as to the time when the award should be made. On October 17, 1938, the arbitrator submitted his award in writing to the employer, but

there was no acknowledgment of the award by the arbitrator. (Civ. Prac. Act, § 1460.) However, on October 25, 1938, and on the same day that the application to confirm the award was made, the arbitrator formally acknowledged his award. The papers on the motion were not served until the twenty-seventh of October, so that at the time of service the award had been acknowledged by the arbitrator.

The objections made to the confirmation of the award are (1) the failure of the arbitrator to acknowledge the award at the time of making it; (2) the arbitrator did not take the oath, acted unfairly, and made a personal investigation to aid his determination; (3) the awards made in five instances are greater than those demanded by the union.

While it is true that the unacknowledged award in the first instance lacked efficacy (*Matter of Beach* v. *Sterne*, 67 Hun, 341; affd., 143 N. Y. 634), such a defect was cured, in my judgment, by the acknowledgment prior to the application to confirm the award.

The second objection is not supported by proof. There were no minutes of the testimony taken before the arbitrator, as it was agreed that he should hear the parties orally without a stenographer.

The alleged demand of the union as to the hourly wage to be paid to the employees was not made part of the arbitration submission. It would appear from the award as if the parties stated to the arbitrator their respective contentions and upon these he made his award. It is denied by the union that it filed any specific demand. Under the circumstances the award should not be disturbed on this ground unless the demand was a part of the arbitration submission. Nor can this court determine whether the arbitrator acted unfairly. There is no record of the proceeding before the arbitrator from which the charge of unfairness can be determined. The contention that the arbitrator did not take the oath has no force since section 1455 of the Civil Practice Act provides that such oath is deemed waived when " the parties have continued with the arbitration without objection to the failure of the arbitrators to take the oath." A more serious point is raised in the third objection.

In the case of Stanley Stuarz, employed as a quad operator by the employer at a weekly compensation of twenty-six dollars, the arbitrator, in making his award as to the hourly wage he should receive, stated: " He has been with the employer for approximately four years. The Union is asking for an increase to twenty-seven dollars and fifty cents. I allow this increase as I feel that this employee is entitled to the increase. In making this allowance I have taken into consideration and have analyzed the contracts of different manufacturers and have also made a *personal investigation*

to ascertain what a fair rate of wages would be for this type of work. I therefore allow Stanley Stuarz twenty-seven dollars and fifty cents per week for a forty hour week or sixty-eight and three-quarter cents per hour." (Italics mine.)

The arbitrator passed upon the individual case of each employee, but this was the only instance where he stated that he had made a personal investigation. In doing so he went outside of the arbitration submission and acquired information without the knowledge of the employer and without affording him an opportunity to rebut it. Such an act was " misbehavior " which possibly prejudiced the rights of the employer. (Civ. Prac. Act, § 1462, subd. 3; *Berizzi Co.* v. *Krausz*, 239 N. Y. 315.) However, this misconduct affected only one employee and invalidated the award in his case alone.

Under ordinary circumstances the arbitration would have to be resubmitted for this error of the arbitrator, but as the result of a conference between court and counsel the union has submitted a consent that the award made to Stuarz be deemed amended so that the allowance of an increase of wages to Stuarz of one dollar and fifty cents per week is waived and of no effect.

This leaves the award otherwise unaffected, and since it is my belief that the other objections to the award do not invalidate it, the motion to confirm it as amended by the consent in the Stuarz case is granted. Settle order.