In the Matter of the Arbitration between YESHIVA RABBI SOLO-
MON KLUGER, Petitioner, and IDA PIEVKO et al., Respond-
ents.

Supreme Court, Special Term, New York County, August 14, 1946.

*Benjamin Isaacs* for petitioner.

*Benjamin M. Zelman* for respondents.

DICKSTEIN, J.  Motion is made to vacate an arbitration award
on the ground that it was not made and signed by a majority
of the arbitrators.  The agreement of submission to arbitra-
tion provided for three arbitrators named therein.  The award
is signed by only one arbitrator, and is not acknowledged.
Under section 1460 of the Civil Practice Act an award must be
in writing, subscribed by the arbitrators making it, and
acknowledged in like manner as a deed to be recorded.  Under
section 1456 of the Civil Practice Act all arbitrators must meet
together and hear the allegations and proofs of the parties but
an award by a majority of them is valid unless the concurrence
of all is expressly required in the submission.  Although I am
convinced that at least two arbitrators concurred in the result
set forth in the award, nevertheless, noncompliance with the
provisions of section 1460 of the Civil Practice Act renders the
award defective.  An unacknowledged award can be corrected
before decision upon a motion to confirm.  (*Matter of Herman,*
170 Misc. 852; *Matter of Verly Bldg. Corp.* [*Gertner*], 264 App.
Div. 885.)  However, here there was also failure to sign or
subscribe the award.  The instant case clearly differs from

*Hano* v. *Blanchard Co.* (199 N. Y. S. 227) where it was held that the chairman of a board, which sat as arbitrator, could properly subscribe the award on behalf of the board. Here there were three independent arbitrators and not a trade association board. The matter must be resubmitted to the same arbitrators for the proper execution of their duties. The cross motion to confirm is accordingly denied. Settle order.