55 So.2d 102 (1951)
CASSARA
v.
WOFFORD.
Supreme Court of Florida, en Banc.
November 20, 1951.
*103 Watkins & Cohen, Tallahassee, and Jack Kehoe, Miami, for appellant.
Lyle D. Holcomb and Hudson & Cason, all of Miami, for appellee.
ROBERTS, Justice.
This appeal brings for our review a judgment on an arbitration award made and entered in proceedings below pursuant to an agreement of the parties which was made a Rule of Court.
The appellant and the appellee were lessee and lessor, respectively, of certain property under a ten-year lease agreement, and under the terms of which the lessee had deposited $30,000 with the lessor as a "security deposit." The parties engaged in litigation to terminate and settle their rights under the lease, and a final decree was entered terminating such rights as of September 26, 1950. The parties agreed in open court to submit to arbitration the controversy between them respecting the disposition of the $30,000 deposit.
Thereafter, on October 4, 1950, an Agreement for Arbitration was filed and entered in the proceedings as a Rule of Court, by the terms of which the arbitrators were authorized (1) to determine the items properly deductible from the security deposit in accordance with the terms, tenor and provisions of the lease, "if it be shown *104 to the satisfaction of said arbitrators and umpire that any item is properly deductible from said security deposit;" (2) to determine the liability of the lessee, if any, through September 26, 1950; (3) if the lessor be found to have exceeded the terms of the final decree theretofore entered in the cause, to determine the amount of damage to the lessee, if any, resulting therefrom; (4) to take an inventory of the furnishings, fixtures, and equipment of the hotel and reduce to a dollars and cents value any deficiency or shortages in inventory, if any; and (5) to enter an award for the lessee for so much of the $30,000 security deposit as remained after the deduction of any items or amounts properly chargeable against said security deposit. The Board of Arbitration was composed of one arbitrator selected by the lessor, one selected by the lessee, and an "umpire" selected by the two arbitrators.
On October 20, 1950, the lessee filed in the cause a sworn motion entitled "Revocation of Agreement for Arbitration" in which he not only attempted to revoke the arbitration agreement, but also moved the court to set aside the Rule of Court submitting the matter to arbitration on the grounds, among others, that (1) the arbitrators and the umpire had not taken the oath prescribed by Section 57.03, Florida Statutes, F.S.A.; (2) that the arbitrator selected by the lessor and the umpire had conferred with the lessor and her agents, servants and employees, without notice to the lessee and in the absence of the arbitrator selected by the lessee; and (3) that the arbitrator selected by the lessee had resigned and refused to act further in the matter because of the manner in which the umpire and the other arbitrator were conducting the inventory.
Four days later, and before entry of an order on this motion  and apparently before such motion had been called up for hearing  an award was entered. It was signed only by the umpire and the arbitrator selected by the lessor, and awarded to the lessee the sum of $3,792.76, the balance of the $30,000 deposit being awarded to the lessor. Attached to the award was a report by the umpire, designated "Umpire's award of shortages and damages beyond ordinary wear and tear to furniture, furnishings and equipment in Wofford Hotel," in which he itemized the furnishings and equipment for which replacement or repairs were required and the cost of such repairs or replacements.
The lessee then filed a motion to set aside the award, which was again sworn to by the lessee, and in which he reiterated that the arbitrators had not been duly sworn, and that the arbitrators selected by him had withdrawn because of disputes between such arbitrator and the umpire and also because of conferences between the umpire and the other arbitrator at which the arbitrator selected by the lessee had not been permitted to be present. It was also alleged in such motion, among others, that the umpire had been guilty of gross negligence and/or misbehavior in that he refused to discuss the matters in arbitration with the arbitrator selected by the lessee; that the umpire and arbitrator selected by the lessor obtained figures and alleged facts concerning items of inventory from some source not made known to the arbitrator selected by the lessee; that no witnesses were ever examined under oath in the presence of the arbitrator selected by the lessee; and that the award was the result of collaboration between the umpire and the other arbitrator without the knowledge, consent or concurrence of the arbitrator selected by the lessee. The allegations of this motion were supported by affidavits of the arbitrator selected by the lessee.
The lower court entered an order denying both of the motions filed by the lessee, and adjudging the amounts due the lessee and lessor, respectively, in accordance with the terms of the award. The lessee has appealed from this judgment.
The parties do not agree on the questions to be decided by this court; but the ultimate question is, of course, whether or not the lower court erred in denying the lessee's motion to set aside the award. Since the lower court held that the allegations of lessee's motion, and the affidavits in support thereof, were "legally insufficient," and *105 thereupon refused to consider the counter-affidavits filed by the lessor, the specific question before us is whether the lessee made out a prima facie case for setting aside the award. The counter-affidavits are not before this court, and properly so.
As to the failure of the arbitrators to be sworn, it is provided by Section 57.03, Florida Statutes, F.S.A., that "The arbitrator or arbitrators, and umpire appointed as aforesaid, shall, before entering upon the investigation of the matter submitted to them, be severally sworn before some judge or justice of the peace faithfully and diligently to execute the trust committed by the submission; * * *." (The emphasis is supplied.) The law is well settled that arbitrators exercise judicial functions; and, while not eo nomine judges, they are in fact judicial officers. "It therefore becomes of the utmost importance that in statutory proceedings of this character, where the rights of parties are adjudicated, not by trained lawyers and judges, but by fellow business men, every safeguard possible should be thrown about the proceeding to insure the utmost fairness and impartiality of those charged with the determination of the rights of the parties." Knickerbocker Textile Corp. v. Sheila-Lynn, Inc., 172 Misc. 1015, 16 N.Y.S.2d 435, 438. The legislative direction as to the oath is, in its terms, mandatory; and, as stated in Inslee v. Flagg, 26 N.J.L. 368, 69 Am.Dec. 580, "The Legislature doubtless designed to give to every party who submitted his controversy to arbitration the protection which the law affords to every party litigant, viz. the oath of the tribunal by which his rights are to be adjudicated." See also E.V. Benjamin Co. v. Royal Mfg. Co., 172 La. 965, 136 So. 19; and Frajer v. Chernofsky, 278 App.Div. 798, 104 N.Y.S.2d 215.
We think, then, that an objection, if timely made, to the arbitrators' hearing and determining a controversy without first being sworn, would be sufficient reason for invalidating an award subsequently made by such arbitrators. An objection made for the first time after an award has been entered would not be a sufficient reason for setting aside the award. See Ogden v. Baile, 73 Fla. 1103, 75 So. 794. Whether or not the objection was timely made in the instant case, we do not decide, since the judgment appealed from must be reversed for other reasons.
The fact that the arbitrator selected by the lessee resigned prior to the entry of the award does not, per se, invalidate the award. One arbitrator, or a minority of arbitrators, cannot, after a dispute has been fully submitted to a board of arbitration, defeat an award by resigning, withdrawing, or otherwise refusing to participate in the hearings, since under our statute a majority of the arbitrators are authorized to enter the award. Section 57.05, Florida Statutes, F.S.A. See Republic of Colombia v. Cauca Co., 190 U.S. 524, 23 S.Ct. 704, 47 L.Ed. 1159. However, we do not think the statute has changed the common-law rule that all arbitrators shall sit at the hearings and hear the evidence; and we have no doubt that the exclusion of one of the arbitrators from the hearings would be such "misbehavior" as to justify setting aside the award signed by the other arbitrators. The lower court should have considered the counter affidavits of the lessor on this point.
As to the other matters alleged by the lessee as grounds for setting aside the award, it is provided by Section 57.07, Florida Statutes, F.S.A., that "An award of any arbitration duly appointed, made pursuant to the said submission, shall be set aside by the court only on the ground of fraud, corruption, gross negligence or misbehavior of one or more arbitrators or umpire who may have signed the award, or of evident mistake acknowledged by the arbitrators or umpire." Thus, the award of arbitrators in statutory arbitration proceedings cannot be set aside for mere errors of judgment either as to the law or as to the facts; if the award is within the scope of the submission, and the arbitrators are not guilty of the acts of misconduct set forth in the statute, the award operates as a final and conclusive judgment, and  however disappointing it may be  the parties must abide by it. As stated in Johnson v. Korn, Tex. Civ.App., 117 S.W.2d 514, 519, citing Payne v. Metz, 14 Tex. 56: "The Court should interpose in this class of cases with great caution; *106 and never, except in a case of urgent necessity, to prevent the consummation of a fraud, or some great and manifest wrong and injustice. It is not every error or mistake of law or fact, which will warrant the setting aside of an award. If it were, there would be but few awards made which would stand the test of judicial investigation; for they are most frequently made by men not learned in the law, nor skilled in judicial proceedings. And if they could be questioned on slight grounds or for trivial errors, there would be few which would not become the subjects of judicial investigation; for the cases will be rare indeed, in which the award, however equitable and just, will prove perfectly satisfactory to all parties."
It has been stated that "The essence of arbitration is its freedom from the formality of ordinary judicial procedure." See Sapp v. Barenfeld, 34 Cal.2d 515, 212 P.2d 233, 237. But an arbitration proceeding, even though informal in nature, is nonetheless a judicial, or quasi-judicial, procedure; and it is universally held that in arbitration proceedings, as in all judicial proceedings, persons whose rights and obligations are affected thereby have an absolute right to be heard and to present their evidence, after reasonable notice of the time and place of the hearing; and that failure of the arbitrators to give notice and an opportunity to be heard is such misconduct or misbehavior as will vitiate an award, irrespective of the fact that there may have been no corrupt intention on the part of the arbitrators. See Twin Lakes Reservoir & Canal Co. v. Platt Rogers, Inc., 105 Colo. 49, 94 P.2d 1090; Id., 112 Colo. 155, 147 P.2d 828, 832; Puget Sound Bridge & Dredging Co. v. Lake Washington Shipyards, 1 Wash.2d 401, 96 P.2d 257; Brown's Executors v. Farnandis, 27 Wash. 232, 67 P. 574, 576; Scholler Bros., Inc., v. Otto A.C. Hagen Corp., 158 Pa.Super. 170, 44 A.2d 321; In re Rosenberg, 180 Misc. 500, 41 N.Y.S.2d 14; Stefano Berizzi Co. v. Krausz, 239 N.Y. 315, 146 N.E. 436, 437; Seldner Corp. v. W.R. Grace & Co., D.C., 22 F. Supp. 388; Seaboard Surety Co. v. Commonwealth, 350 Pa. 87, 38 A.2d 58; Sydnor Pump & Well Co. v. County School Board, 182 Va. 156, 28 S.E.2d 33, citing Shipman v. Fletcher, 82 Va. 601; In re Herman, 170 Misc. 852, 10 N.Y.S.2d 46; Citizens Bldg. of West Palm Beach v. Western Union Tel. Co., 5 Cir., 120 F.2d 982.
As stated in Brown's Executors v. Farnandis, supra: "While arbitrators are not required to proceed with the formalities of a court, they must proceed in such a manner as to give a full hearing to each of the parties, not only upon the several items of the claim presented by himself, but also upon the claim of his adversary, and upon the evidence adduced in support of that claim. This they cannot do without hearing a party and his witness in the presence of the opposing party. Unless this right is waived by the party, either in the agreement of submission or by conduct amounting to a waiver, an award made under such circumstances is clearly void."
We think that the allegations of the lessee's sworn motions, and the affidavits in support thereof  although they could have been more perfectly expressed  were sufficient to show that the arbitrator selected by the lessor and the umpire failed to accord to the lessee his right to be present at the hearings with the lessor and other witnesses. There is also some indication that none of the witnesses heard by the arbitrators were examined under oath, as required by Section 57.03, Florida Statutes, F.S.A. The agreement of submission does not expressly, nor by implication, show that the parties intended to submit the matter without a hearing; nor is there anything in the record to permit an inference that the lessee tacitly, if not expressly, consented that the arbitrators proceed in their own way to adjudicate the matter.
In the absence, then, of anything to show a waiver on the part of the lessee, we think the lessee made out a prima facie case of "misbehavior" on the part of the umpire and the arbitrator selected by the lessor, and that it was error to deny his motion to set aside the award on the ground that it was "legally insufficient."
We wish to make clear that we do not impute corrupt motives to the umpire and the arbitrator selected by the lessor, but *107 believe rather that their actions were the result of a misapprehension as to their duties under the law. From what appears in the record, we think that the umpire considered himself a mere appraiser, rather than an arbitrator; and it is generally held that the rule requiring notice and a hearing does not apply in those cases where the arbitration is really only a reference to experts to determine the intrinsic quality or value of an object upon their own knowledge as experts. See Seldner Corp. v. W.R. Grace & Co., D.C., 22 F. Supp. 388, citing City of Omaha v. Omaha Water Co., 218 U.S. 180, 184, 30 S.Ct. 615, 54 L.Ed. 991.
But from what has been heretofore said as to the authority of the arbitrators under the order of submission, it is clear that the arbitrators in the instant case were not appointed as mere appraisers. Although not specifically stated in the award, it must be assumed that the arbitrators determined that the lessor had not exceeded the terms of the final decree theretofore entered in the cause, since no damages were assessed against her. It must also be assumed that they determined what items, if any, were deductible from the security deposit, and made a proper deduction. These duties under the submission certainly go beyond a mere appraisal, even if we consider that the duty "to take an inventory of the furnishings, fixtures, and equipment of the hotel and reduce to a dollars and cents value any deficiency or shortages in inventory, if any there be," amounts only to an appraisal. And even here it appears that there was a controversy, requiring more than a mere appraisal, as to what constituted "ordinary wear and tear" in connection with the cost of repairing many items of the furnishings and equipment.
For the reasons stated, the judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
SEBRING, C.J., HOBSON, J., and DICKINSON, Associate Justice, concur.
CHAPMAN, J., dissents.
TERRELL, J., not participating.