ROBERTS, Justice.
This is the second .appearance of this •case before this court, the facts of which .are set forth in our opinion filed on the former appeal, Cassara v. Wofford, 55 So.2d 102.
Upon the going down of the mandate in the first appeal, the Chancellor reconsidered the appellant’s Motion to Set Aside the Award upon the basis of the affidavits ■theretofore filed by the parties, including ■the counter-affidavits Of the appellee, and after personally hearing the testimony of witnesses adduced by the parties, and again denied such motion. His. reasons therefor -are set forth in his order of denial, as ¡follows: , , , ,
“It seems self-evident that the arbitration used in this case is not the usual type in which the whole dispute is by agreement, submitted to arbitrators in lieu of a Court for determination and decision, but was simply a procedure adopted to dispose of particular and specific aspects of a dispute which has been in Court for years. There would have been no purpose in -•substituting three , laymen, in place of •myself or a Master, in order to dis-. •charge a judicial function.
“The merit of the proposal to submit a limited phase of the controversy to three laymen was that, by reason of their own knowledge, experience and observation of the premises involved, they could arrive at a figure better than the Court could which had to ■depend on witnesses. The idea of receiving statements or contentions was by no means excluded but when the. matter was discussed with me by both counsel no one discussed the idea of the arbitrators conducting hearings and receiving formal testimony, and generally acting like a traditional judicial body.
“Perhaps counsel and I took too much for granted in failing to state in formal pleadings or orders precisely what was intended. I did not think then, nor do I think now, that there was any necessity, for formal hearings before the arbitrators but I can see no ..basis even now: for believing that-had Mr. Cassara wished to. appear or have others appear for. him before the arbitrators that such a request would have been refused. ,
 “Before the arbitrators started upon their duties they had a meeting’ with both lawyers and the manner of proceeding discussed. It seems to me that the arbitration was conducted as originally planned and as more specifically determined by the conference. I see no evidence of misbehavior or other statutory ground for setting aside an award. There was no oath administered and there were no formal hearings. I think that defendant: Cassara waived, these procedural matters by the .¡conference with the arbitrators, and generally in proceedings without objection" to formality. It might be more accurate to say that' Mr. Cassara never intended, in the first .place, any’ more than did Mrs. Wofford, to have an arbitration with .full formality, of oaths, notices of hearing, taking of testimony, etc. No .one,"of course, waived or intended to waive the requirement of honest intent and fair play by the arbitrators. If there were any evidence of this I should not hesitate to set the award aside. My’conclusion is that there was no such misconduct. Mr. Coppersmith, the arbitrator selected by Mr. Cassara, absented himself wholly and in part from several meetings of the arbitrators. It seems that he was rather uncooperative. That there was a lack of harmony among the arbitrators does not vitiate the award.
“The motion to set aside the award of arbitration, after considering the evidence offered for and in opposition to the motion, is denied.”
The evidence is ample to sustain the foregoing conclusions of the Chancellor. Under such circumstances, the rules relating to arbitration, as set forth in our former opinion, may not now be applied to defeat the award — either because strict compliance with such rules was not within the *58 original ■ intendment of the parties or because of a waiver thereof by the lessee.
No error having been made to appear, the order appealed from should be and it is hereby
Affirmed.
SEBRING, C. J., TERRELL, J., and WHITE, Associate Justice, concur.