PER CURIAM.
We affirm the trial court’s order confirming an arbitration award. This case is controlled by the legal proposition that an arbitration award
cannot be set aside for mere errors of judgment either as to the law or as to the facts; if the award is within the scope of the submission, and the arbitrators are not *850 guilty of the acts of misconduct set forth in the statute, the award operates as a final and conclusive judgment.
Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1328 (Fla.1989) (quoting Cassara v. Wofford, 55 So.2d 102, 105 (Fla.1951)). See also § 682.13(1), Fla. Stat. (1997). The case upon which appellant primarily relies, Reider v. P-48, Inc., 362 So.2d 105 (Fla. 1st DCA 1978), is inapplicable, since Reider did not involve an order confirming an arbitration award, but was a direct appeal from a trial court’s ruling in a breach of contract case. The errors claimed by appellant all relate to errors in the arbitrator’s factual findings, conclusions, or interpretation of the contract, not to those factors enumerated in section 682.13(l)(a)-(e), which would justify a trial court in vacating an arbitrator’s decision.
AFFIRMED.
STONE, C.J., and WARNER and GROSS, JJ., concur.