TAYLOR, J.
The defendants appeal the trial court’s order denying their motion to vacate an arbitration award. At the outset, we affirm the trial court’s ruling that the arbitrator had the discretion to enter a default against the defendants because the record clearly showed that the defendants “violated multiple Arbitration Orders, and ignored the multiple mandates contained in the Order to Show Cause.” However, because the arbitrator deprived the defaulted defendants of a hearing and opportunity to defend against the plaintiffs’ claims for unliquidated damages, the trial court should have vacated the arbitrator’s award under section 682.13(l)(d), Florida Statutes (2008), and directed that the arbitrator hold a hearing on unliquidated damages.
The essential facts of this case are as follows. The circuit court ordered the parties to arbitrate their dispute. The arbitrator adopted the Florida Rules of Civil Procedure for governing the proceedings. After entering a default against the defendants, the arbitrator did not set the matter for a hearing on unliquidated damages. Without holding a hearing on damages, the arbitrator determined that the plaintiffs would be awarded $677,052.72 in damages and costs.[1] The damages consisted of lost profits on contracts, accounts receivable, and the value of certain equipment.
The defendants filed a motion to vacate the arbitration award. Following an evi-dentiary hearing, the circuit court entered an order confirming the arbitration award and denying the defendants’ motion to vacate. The defendants appealed.
To vacate an arbitration award, a party must establish one of the enumerated statutory grounds under section 682.13(1), Florida Statutes. See LeNeve v. Via South Florida, LLC, 908 So.2d 530, 534 (Fla. 4th DCA 2005). One such statutory ground is where the arbitrator “refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party.” § 682.13(l)(d), Fla. Stat. (2008).
Absent a waiver, specific statutory provision, or agreement to the contrary, participants in arbitrations are entitled to a full hearing with an opportunity to be heard and to present evidence. See 21 Williston on Contracts § 57:84 (4th ed.); see also Totem Marine Tug & Barge, Inc. v. N. Am. Towing, Inc., 607 F.2d 649, 651 (5th Cir.1979) (“All parties in an arbitration proceeding are entitled to notice and an opportunity to be heard.”). Florida’s Arbitration Code states that unless otherwise provided by the agreement or provision for arbitration, the arbitrator shall appoint a time and place for the hearing, *1194 see § 682.06(l)(a), Fla. Stat. (2008), where “[t]he parties are entitled to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing,” see § 682.06(2), Fla. Stat. (2008).
Although an arbitrator need not follow all the niceties observed in court proceedings, the arbitrator must grant the parties a fundamentally fair hearing. See Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, UAW, 500 F.2d 921, 923 (2nd Cir.1974); cf. Nat’l Airlines Inc. v. Metcalf, 114 So.2d 229, 232 (Fla. 3d DCA 1959) (agreement to arbitrate disputes under collective-bargaining agreement does not preclude review by the courts of procedural due process and jurisdictional limitations). Thus, the failure of arbitrators “to give notice and an opportunity to be heard is such misconduct or misbehavior as will vitiate an award, irrespective of the fact that there may have been no corrupt intention on the part of the arbitrators.” Cassara v. Wofford, 55 So.2d 102, 106 (Fla. 1951).
In the context of civil litigation, a default admits a plaintiffs entitlement to liquidated damages under a well-pled cause of action, but not to unliquidated damages. Bodygear Activewear, Inc. v. Counter Intelligence Servs., 946 So.2d 1148, 1150 (Fla. 4th DCA 2006). A defaulting party has a due process entitlement to notice and an opportunity to be heard as to the amount of unliquidated damages. Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 663 (Fla. 5th DCA 1983). Florida Rule of Civil Procedure 1.440(c) requires that “[i]n actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080(a).”
In this case, the arbitrator failed to provide the defaulted defendants with any hearing on unliquidated damages, much less a “fundamentally fair” hearing. The fact that the defendants were defaulted in an arbitration proceeding — as opposed to a civil lawsuit — does not obviate the need for a hearing on the amount of unliquidated damages. Here, the record indicates that most, if not all, of the damages in this case were unliquidated in nature. See Bowman, 432 So.2d at 663 (damages are unliq-uidated “if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment”).
By failing to hold a hearing on unliqui-dated damages, the arbitrator “refused to hear evidence material to the controversy” and thereby “prejudiced substantially” the rights of the defendants. See § 682.13(l)(d), Fla. Stat. (2008). Because the arbitrator deprived the defaulted defendants of a hearing and opportunity to defend against the plaintiffs’ claims for unliquidated damages, we reverse the order confirming the arbitration award. On remand, the trial court shall vacate the arbitrator’s award and direct that the arbitrator hold a hearing on unliquidated damages.

Affirmed in part, Reversed in part, and Remanded for further proceedings consistent with this opinion.

POLEN and HAZOURI, JJ., concur.

. The arbitrator did, however, disapprove $226,000 in requested damages.