DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**GREEN EARTH TECHNOLOGY SOLUTIONS, INC.,**
Appellant,

v.

**GELTECH SOLUTIONS, INC.** and **FIREICE GEL, INC.,**
Appellees.

No. 4D13-3929

[ November 12, 2014 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David F. Crow, Judge; L.T. Case No. 502013CA006154XXXXMB.

Brigid F. Cech Samole and Rachel A. Canfield of Greenberg Traurig, P.A., Miami, and Paul B. Ranis of Greenberg Traurig, P.A., Fort Lauderdale, for appellant.

William A. Fleck of Jupiter Legal Advocates, Jupiter, and John K. Copeland of Kramer, Sopko & Levenstein, P.A., Stuart, for appellees.

TAYLOR, J.

Appellant, Green Earth Technology Solutions, petitioned the trial court to partially vacate the arbitration award entered on its breach of contract claim against appellees, GelTech Solutions and FireIce Gel. Specifically, appellant sought to vacate that portion of the award finding that neither party prevailed in the arbitration and denying prevailing party attorney's fees and costs to appellant. The trial court denied appellant's application to partially vacate the award, concluding that "a prevailing party determination is within the scope of the Arbitration Panel's jurisdiction," and that "[e]ven if the Arbitration Panel erroneously concluded that there was no prevailing party, this is not a basis on which the arbitration award may be reversed." We agree and affirm the trial court's order.

"To vacate an arbitration award, a party must establish one of the enumerated statutory grounds under section 682.13(1), Florida Statutes." *Talel Corp. v. Shimonovitch*, 84 So. 3d 1192, 1193 (Fla. 4th DCA 2012).

The grounds for vacating an arbitration award are as follows:

> (a) The award was procured by corruption, fraud, or other undue means;
> (b) There was:
>> 1. Evident partiality by an arbitrator appointed as a neutral arbitrator;
>> 2. Corruption by an arbitrator; or
>> 3. Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
> (c) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to hear evidence material to the controversy, or otherwise conducted the hearing contrary to s. 682.06, so as to prejudice substantially the rights of a party to the arbitration proceeding;
> (d) An arbitrator exceeded the arbitrator's powers;
> (e) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under s. 682.06(3) not later than the beginning of the arbitration hearing; or
> (f) The arbitration was conducted without proper notice of the initiation of an arbitration as required in s. 682.032 so as to prejudice substantially the rights of a party to the arbitration proceeding.

§ 682.13(1), Fla. Stat. (2013).

Appellant relies solely on subsection (d) to vacate the award, arguing that the arbitration panel exceeded its powers in finding that "no party prevailed, as that issue was not properly before the Arbitration Panel."

Contrary to appellant's assertion on appeal, the arbitration panel acted within its powers in determining the issue of attorney's fees. The parties agreed at their Case Management Conference that "the arbitrators shall determine the issues of entitlement to and amount of the prevailing party's reasonable attorney's fees and taxable costs. . . ." In determining the threshold issue of whether a prevailing party existed, however, the panel found that neither party was a prevailing party. We need not examine the merits of appellant's argument that the contract litigation had to result in a prevailing party. Assuming *arguendo* that the arbitration panel erroneously concluded that there was no prevailing party, this is not a basis upon which an arbitration award may be vacated or reversed. *See Schnurmacher Holding, Inc. v. Noriega*, 542 So. 2d 1327, 1329-30 (Fla.

2

1989) (holding that an arbitration award may not be vacated or reversed based on an arbitrator's error of law because error of law is not one of the specific statutory grounds for vacating an award); *Wells v. Castro*, 117 So. 3d 1233, 1238 (Fla. 2d DCA 2013) (noting that an arbitration award finding that neither party was a prevailing party could not be reversed on the ground that the arbitrator made an error of law).

Accordingly, we affirm the trial court's order confirming the arbitration award.

*Affirmed.*

WARNER and MAY, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***