NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CAROL F. JOHNSON, by and )
through KEITH E. JOHNSON, )
Attorney-in-Fact, )
                                 )
       Appellant, )
                                 )
v.                              )    Case No. 2D17-1762
                               )
HEARTLAND OF FORT MYERS FL, )
LLC; MANOR CARE, INC.; HCR )
III HEALTHCARE, LLC; and HCR )
MANOR CARE, INC. (as to )
HEARTLAND HEALTH CARE )
CENTER FORT MYERS), )
                               )
       Appellees. )
_____)

Opinion filed November 7, 2018.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Lee County;
Alane Cheryl LaBoda, Judge.

Joanna Greber Dettloff and Megan L.
Gisclar of Wilkes & McHugh, P.A.,
Tampa, for Appellant.

Lissette Gonzalez and Scott A. Cole of
Cole, Scott & Kissane, P.A., Miami, for
Appellees.


ROTHSTEIN-YOUAKIM, Judge.

          Carol Johnson, through Keith Johnson, her son and attorney-in-fact, filed

a lawsuit against a nursing home facility and related companies (collectively, the Manor

Care Appellees) for injuries that she sustained while briefly a resident at the facility.[1]  In this interlocutory appeal, she challenges the trial court's order staying the proceedings and granting the Manor Care Appellees' motion to compel the parties to arbitrate pursuant to an agreement that Keith Johnson executed after Ms. Johnson sustained the injuries giving rise to the suit.  For the following reasons, we affirm the order compelling arbitration.

First, we reject Ms. Johnson's argument that the arbitration agreement does not apply because she sustained her injuries before Keith Johnson executed the agreement.  The agreement provides, in pertinent part, "the parties agree that they will mutually benefit from the speedy and efficient resolution of any dispute or controversy which may arise between them."  Ms. Johnson argues that the term "may arise" indicates that the agreement applies only prospectively, i.e., to a dispute or controversy arising between them after the agreement is executed, and therefore, by its own terms, the agreement does not apply to her suit.  The Manor Care Appellees respond that the term "<u>any</u> dispute or controversy" indicates that the agreement applies broadly and without regard to when the dispute or controversy between them arises.

We need not reach that issue.  Even if Ms. Johnson is correct that the agreement applies only to a dispute or controversy arising between her and the Manor Care Appellees <u>after</u> the agreement was executed, we conclude that a "dispute or controversy" between the parties is not synonymous with "injury" to the victim.  Although Ms. Johnson sustained her injuries (and her cause of action accrued, <u>see, e.g.</u>, <u>Dep't of</u>

---

[1]Count one alleged negligence, in violation of section 400.022, Florida Statutes (2016); count two alleged a breach of fiduciary duty; and count three alleged violations of section 415.1111, Florida Statutes (2016).

Transp. v. Soldovere, 519 So. 2d 616, 617 (Fla. 1988),) before the agreement was executed, the dispute or controversy between her and the Manor Care Appellees did not arise until she filed suit. See KFC Nat'l Mgmt. Co. v. Beauregard, 739 So. 2d 630, 631 (Fla. 5th DCA 1999) (holding that arbitration agreement applied to plaintiff's suit against her employer arising out of her co-worker's physical attack on her although the attack occurred before the plaintiff executed the agreement, and explaining that, "Significantly, the term 'claim' was used in the agreements and the facts show that while the alleged attack leading to the claim against KFC preceded the agreements to arbitrate, the claim was made after Beauregard signed the agreements"). Therefore, even if the agreement applies only prospectively, it applies here.

We reject without further comment Ms. Johnson's argument that the agreement was procedurally unconscionable, see, e.g., Fla. Holdings III, LLC v. Duerst ex rel. Duerst, 198 So. 3d 834, 839-41 (Fla. 2d DCA 2016), and so we need not reach the issue of whether the confidentiality provision and the attorney's fees provision are substantively unconscionable, Zephyr Haven Health & Rehab Ctr., Inc. v. Hardin ex rel. Hardin, 122 So. 3d 916, 920 (Fla. 2d DCA 2013) ("To succeed in claiming that a contractual provision is unconscionable, a party must demonstrate both procedural and substantive unconscionability. . . . Where the party alleging unconscionability establishes only one of the two prongs, the claim fails." (citation omitted)). We address, however, whether the attorney's fees provision is unenforceable as a violation of public policy. See Bland, ex rel. Coker v. Health Care & Ret. Corp. of Am., 927 So. 2d 252, 257-58 (Fla. 2d DCA 2006) (noting distinction between public policy and unconscionability concerns and stating that notwithstanding the absence of a specific

ruling by the trial court as to public policy, "we are, nonetheless, compelled to address an issue that is becoming a recurrent theme in cases brought before the district courts of appeal"), abrogated in part on other grounds by Basulto v. Hialeah Auto., 141 So. 3d 1145, 1159-60 (Fla. 2014), and Shotts v. OP Winter Haven, Inc., 86 So. 3d 456, 474 (Fla. 2011). That provision states: "Counsel and Attorneys' Fees. Each party may be represented by its own counsel in the arbitration. Each party agrees to bear its own attorneys' fees and costs, unless otherwise specifically awarded by the Arbitrator under state or federal law." (Emphasis added.)

Relying on Hochbaum ex rel. Hochbaum v. Palm Garden of Winter Haven, LLC., 201 So. 3d 218, 220-21 (Fla. 2d DCA 2016), Ms. Johnson argues that the provision improperly limits her statutory right to seek a full award of her fees under the prevailing-party provision of section 415.1111, Florida Statutes (2016).[2] The Manor Care Appellees respond that Hochbaum is distinguishable because the provision in this agreement allows the arbitrator to award attorney's fees and costs under state or federal law; thus, it does not preclude Ms. Johnson, if prevailing, from being awarded her attorney's fees and costs under section 415.1111 and does not impinge on her statutory rights.

We agree with the Manor Care Appellees. See Hochbaum, 201 So. 3d at 221 ("The arbitration agreements in this case require the parties to equally bear the fees

_____

[2]That section provides, in pertinent part:
A vulnerable adult who has been abused, neglected, or exploited as specified in this chapter has a cause of action against any perpetrator and may recover actual and punitive damages for such abuse, neglect, or exploitation. . . . A party who prevails in any such action may be entitled to recover reasonable attorney's fees, costs of the action, and damages.

- 4 -

associated with arbitration, in contravention of Hochbaum's statutory right to seek a full award of her fees under the prevailing party attorneys' fees provision of section 415.1111. Thus . . . this provision of the arbitration agreements violates public policy." (emphasis added)). Section 415.1111 does not guarantee a prevailing party an award of attorney's fees and costs but provides that the prevailing party "may be entitled to recover reasonable attorney's fees [and] costs," and the attorney's fees provision in this case allows the arbitrator to award attorney's fees and costs under "state law," which includes section 415.1111. That the agreement vests the authority to award fees in the arbitrator, rather than in the court, does not limit Ms. Johnson's statutory right to an award of prevailing-party fees but simply changes who determines her entitlement to them.[3] Cf. Gessa v. Manor Care of Fla., Inc., 86 So. 3d 484, 493 (Fla. 2011) (concluding that limitation of liability provisions that placed a $250,000 cap on noneconomic damages and eliminated punitive damages altogether "directly frustrate[d]

---

[3]The question whether to award fees pursuant to a valid arbitration agreement is different from the threshold question whether the agreement is, in fact, valid; the latter question must be resolved by the courts and may not be left to the arbitrator. See Shotts, 86 So. 3d at 465 (citing Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999) (explaining that it is for the court, not the arbitrator, to determine whether a valid arbitration agreement exists)).
We note that there is no avenue for appealing an arbitrator's failure to award prevailing-party fees if that failure is based on an error of law. See Green Earth Tech. Sol., Inc. v. Geltech Sol., Inc., 150 So. 3d 1200, 1202 (Fla. 4th DCA 2014) ("Assuming arguendo that the arbitration panel erroneously concluded that there was no prevailing party, this is not a basis upon which an arbitration award may be vacated or reversed." (citing Schnurmacher Holding, Inc. v. Noriega, 542 So. 2d 1327, 1329-30 (Fla. 1989))). The failure, however, would not be wholly unreviewable. See § 682.13, Fla. Stat. (2016) (setting forth grounds for vacating arbitration award). In any event, absent a legislative guarantee either of a prevailing-party attorney's fees award or of appellate review of such an award, we do not believe that the limitations on review of an arbitrator's attorney's fees determination so undermine the statutory remedies as to render the attorney's fees provision void as against public policy.

the remedies created by the statute . . . [and] eviscerate[d] the remedial purpose of the statute" and therefore violated public policy); <u>Shotts</u>, 86 So. 3d at 474 ("[W]e conclude that any arbitration agreement that substantially diminishes or circumvents [the remedies set forth in sections 400.022 and 400.023] stands in violation of the public policy of the State of Florida and is unenforceable.").

We therefore conclude that the parties entered into a valid arbitration agreement and that the agreement applies in this case. Accordingly, we affirm the trial court's order compelling arbitration.

Affirmed.


SILBERMAN and SLEET, JJ., Concur.