# Third District Court of Appeal

## State of Florida

Opinion filed June 12, 2024.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D22-1851

Lower Tribunal No. 21-3987

————————————

## The Ferraro Law Firm, P.A., etc., et al.,
Appellants/Cross-Appellees,

vs.

## Royal Merchant Holdings, LLC, etc.,
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

The Ferraro Law Firm, P.A., and Leslie B. Rothenberg and Mathew D. Gutierrez; Boies Schiller Flexner LLP, and Jesse Panuccio and Eric M. Palmer (Fort Lauderdale), for appellants/cross-appellees.

Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., and Eugene E. Stearns and Maria A. Fehretdinov and Alejandro D. Rodriguez, for appellee/cross-appellant.

Before LINDSEY, MILLER and BOKOR, JJ.

BOKOR, J.

These cross-appeals challenge an order vacating an arbitration award in favor of Royal Merchant Holdings, LLC ("Royal Merchant"), as well as a successor judge's subsequent order granting reconsideration and confirming that same award. Appellant, the Ferraro Law Firm ("Ferraro"), argues that the award was properly vacated and could not be reinstated because the arbitrator vitiated the fundamental fairness of the proceedings by relying solely on a ground for relief that was not pled as an affirmative claim. Royal Merchant cross-appeals to challenge the merits of the original order vacating the award. Under the specific circumstances present here, we find that the trial court properly vacated the award in the first instance, and the successor court abused its discretion by confirming it on reconsideration.

The arbitration action related to Ferraro's representation of Royal Merchant in an Ohio case founded on the breach of an agreement Royal Merchant had brokered between two nonparty companies. There, Royal Merchant claimed that it was entitled to recover as an intended third-party beneficiary to that agreement, but Ferraro asserted only that Royal Merchant was a party to the agreement instead of a beneficiary, which, in conjunction with Ferraro's violations of various discovery orders, led the Ohio court to dismiss the claims. During that litigation, Ferraro also advised Royal Merchant to reject an offer for an assignment of recovery rights from the

2

nonbreaching signatory to the agreement, which would have clarified Royal Merchant's standing and allowed it to recover for the breach.

After dismissal of the Ohio case, Royal Merchant brought an arbitration complaint against Ferraro in Miami[1] for legal malpractice, asserting various grounds for relief including Ferraro's failure to raise a third-party beneficiary claim and failure to comply with discovery rules. In response, Ferraro asserted as an affirmative defense that Royal Merchant was not harmed because it was not entitled to recover as a third-party beneficiary. As an avoidance of that defense, Royal Merchant responded that it could have instead recovered as an assignee had Ferraro not advised it to reject the assignment proposal on the purported basis that Royal Merchant already had a third-party beneficiary claim.

Throughout the arbitration hearings, Royal Merchant repeatedly raised the issue of Ferraro's failure to accept the assignment proposal, arguing it both as an affirmative basis for malpractice and as an avoidance of Ferraro's affirmative defense of lack of prejudice. Over Ferraro's objections, the arbitrator allowed Royal Merchant to present evidence and testimony about the assignment proposal but did not make a pre-judgment ruling as to

---

[1] The parties' retainer agreement provided that disputes concerning the representation would be resolved by binding arbitration in Miami, Florida.

whether the issue could be tried by consent as an affirmative ground for relief. Ultimately, the arbitrator ruled in favor of Royal Merchant, relying solely on Ferraro's advisement to reject the assignment proposal as the basis for malpractice and awarding Royal Merchant a total of $1,517,493.32. In doing so, the arbitrator also found that the assignment issue was tried by consent and that Ferraro was on notice it had "morphed" into an affirmative claim throughout the proceedings.

Ferraro subsequently moved for the circuit court to vacate the award, arguing that the arbitrator's reliance on the unpled assignment issue as a basis for relief was fundamentally unfair and amounted to a due process deprivation. After a hearing, the court entered an order vacating the arbitration award to the extent it relied on the assignment issue. Royal Merchant moved for reconsideration, and a successor judge granted the motion, vacated the prior order, and confirmed the arbitration award in its entirety, finding that the proceedings were not fundamentally unfair and that

4

the original judge lacked any basis to vacate the award.[2]  These appeals followed.[3]

An arbitration award shall be vacated where there has been "[m]isconduct by an arbitrator prejudicing the rights of the party to the arbitration proceeding."  § 682.13(1)(b)3., Fla. Stat.  "Although an arbitrator need not follow all the niceties observed in court proceedings, the arbitrator must grant the parties a fundamentally fair hearing."  Talel Corp. v. Shimonovitch, 84 So. 3d 1192, 1194 (Fla. 4th DCA 2012).  Further, it is well-established that "[d]ue process protections prevent a trial court from deciding matters not noticed for hearing and not the subject of appropriate pleadings."  Mizrahi v. Mizrahi, 867 So. 2d 1211, 1213 (Fla. 3d DCA 2004); see also Cedars Med. Ctr., Inc. v. Ravelo, 738 So. 2d 362, 367 (Fla. 3d DCA 1999) ("The pleading of a legal theory is indispensable to a finding of liability on the basis of that theory."); Arky, Freed, Stearns, Watson, Greer, Weaver &

---

[2] The original trial judge transferred to another division prior to hearing the reconsideration motion.  Ferraro argues in part that the successor judge lacked jurisdiction to reconsider the order vacating the award because that order was final.  A successor judge typically may not modify a final order of a predecessor judge absent a finding of fraud or mistake.  However, while we note that the original order vacating the award lacks indicia of finality, ultimately, we decline to address the merits of this argument as we reverse on the merits.

[3] We review a trial court's decision to confirm or vacate an arbitration award for abuse of discretion.  See Murton Roofing Corp. v. FF Fund Corp., 930 So. 2d 772, 773 (Fla. 3d DCA 2006).

Harris, P.A. v. Bowmar Instrument Corp., 537 So. 2d 561, 563 (Fla. 1988) ("[L]itigants at the outset of a suit must be compelled to state their pleadings with sufficient particularity for a defense to be prepared.").

While we are cognizant of arbitrators' broad discretion to "conduct an arbitration in such manner as the arbitrator considers appropriate for a fair and expeditious disposition of the proceeding," § 682.06(1), Fla. Stat., we find that the trial court properly vacated the award in the first instance and abused its discretion by confirming it on reconsideration. "Generally, due process requires fair notice and a real opportunity to be heard and defend in an orderly procedure *before* judgment is rendered." Viets v. Am. Recruiters Enters., Inc., 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006). Here, Royal Merchant repeatedly represented throughout the proceedings that the issue of the assignment proposal was not being argued as an affirmative basis for malpractice, but merely as an avoidance of Ferraro's affirmative defense of lack of prejudice. When Ferraro objected and informed the arbitrator of the need to render a ruling on the issue, the arbitrator instead deferred the issue until the final order, only to then conclude that the issue was tried by consent all along. Thus, from the face of the record, it appears that the arbitrator's consideration of the issue as an affirmative claim without prior notice prejudiced Ferraro's ability to prepare its defense. The lack of a substantive

6

requirement that claims for relief be pled in an arbitration proceeding in a specific manner does not negate a party's right to fair and effective notice of the claims tried.

Thus, we vacate the order confirming the award, reinstate the prior order vacating the award, and remand for additional proceedings.

Reversed.